*In re* DETENTION OF HARRY CAIN (The People of the State of Illinois, Petitioner-Appellee, v. Harry Cain, Respondent-Appellant).

Fifth District   No. 5—02—0088

Opinion filed June 18, 2003.

Quinn M. Broverman, of Broverman Professional Corporation, of Taylorville, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers and Lionel W. Weaver, Assistant Attorneys General, of counsel), for the People.

JUSTICE DONOVAN delivered the opinion of the court:

Harry Cain (respondent) was found to be a sexually violent person under the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 1998)). In accordance with section 55 of the Act (725 ILCS 207/55 (West 2000)), Cain underwent a 30-month evaluation. Cain filed a motion to appoint an independent expert for purposes of this evaluation. The circuit court of Christian County found that no probable cause existed to warrant a full hearing to determine whether Cain still was a sexually violent person, and the court further denied Cain's request for an expert. Cain appeals these adverse rulings.

While his appeal was pending, the United States Supreme Court decided *Kansas v. Crane*, 534 U.S. 407, 151 L. Ed. 2d 856, 122 S. Ct. 867 (2002). Based on his understanding of *Crane*, Cain filed a motion for his immediate release from custody. The circuit court denied Cain's motion. Cain appeals this ruling also, and his appeals have been consolidated for review. We affirm.

Cain originally pled guilty to the offense of aggravated criminal sexual abuse and was sentenced to five years' imprisonment. Days before Cain's scheduled release date, the State filed a petition to detain Cain under the Act. Cain subsequently was found by a jury to be a sexually violent person and was committed to the Department of Human Services. This judgment was upheld on direct appeal. *In re Detention of Cain*, No. 5—99—0197 (March 30, 2000) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)). In April 2000, Cain filed his first petition for conditional release under section 60 of the Act (725 ILCS 207/60 (West 2000)). Initially, the circuit court found that probable cause existed to believe that it was not substantially probable that Cain would engage in acts of sexual violence if released, and the court ordered a full hearing. At the full hearing, however, the court determined that the State had proved by clear and convincing evidence that Cain was still a sexually violent person and should not be released. Cain appealed this ruling, which ultimately was consolidated with his appeal from the finding that no probable cause existed

to warrant a full hearing to determine whether he still was a sexually violent person after his 18-month evaluation. Our court subsequently affirmed the judgments of the circuit court. *In re Detention of Cain*, No. 5—01—0083 (January 15, 2003) (unpublished order under Rule 23).

Cain next underwent his 30-month evaluation as mandated by section 55 of the Act. The court again found that probable cause did not exist to warrant a full hearing to determine whether Cain was still a sexually violent person. The court also denied Cain's request for the appointment of an independent expert. Cain appealed these adverse rulings and further complained that he had been denied due process because he had not been present for the hearing. The same day, the United States Supreme Court issued its decision in *Crane*. Under *Crane*, the permissible civil commitment of a person as sexually violent requires a finding that the individual has "serious difficulty in controlling [his or her] behavior." *Crane*, 534 U.S. at 413, 151 L. Ed. 2d at 862, 122 S. Ct. at 870. Cain filed a motion for his immediate release from custody, based on *Crane*. The court denied Cain's motion. Cain's appeal from this denial was, in turn, consolidated with the appeal from the adverse rulings based on his 30-month evaluation.

Cain argues on appeal that probable cause exists to warrant a hearing on whether he is still a sexually violent person, given that his expert opined he no longer is a sexually violent person. Cain also finds fault with the court's refusal to appoint an independent expert for his 30-month evaluation when the State was allowed to have an expert. Cain further argues that due process required his presence at the probable cause hearing. For his final point on appeal, Cain asserts that the State failed to show "proof of serious difficulty in controlling behavior" as mandated by *Crane*, 534 U.S. at 413, 151 L. Ed. 2d at 862, 122 S. Ct. at 870.

■ The Act provides for the periodic reexamination of those individuals subject to civil commitment under the Act and allows the individual at the time of each reexamination the right to petition the court for a discharge from commitment. 725 ILCS 207/55(a), 65(b)(1) (West 2000). The circuit court then sets a probable cause hearing to determine whether facts exist that warrant a hearing on whether the person is still a sexually violent person. 725 ILCS 207/65(b)(1) (West 2000). Whether or not probable cause exists to warrant a further evidentiary hearing is a matter resting in the sound discretion of the court. *In re Ottinger*, 333 Ill. App. 3d 114, 120, 775 N.E.2d 203, 208 (2002). Absent an abuse of that discretion, we will not disturb the court's probable cause determination. *In re Ottinger*, 333 Ill. App. 3d at 120, 775 N.E.2d at 208. We find no abuse of discretion in this instance.

■ At the probable cause hearing, the State offered the 30-month psychological reexamination report submitted by Dr. Phil Reidda. The reexamination consisted of a review of Cain's treatment progress, psychological testing, a clinical interview, and risk analysis. Dr. Reidda, consistently with his previous evaluations, diagnosed Cain with pedophilia toward males and females and a personality disorder with antisocial traits. He further noted that Cain remained exceedingly resistive to clinical treatment and instead focused his efforts primarily on legal issues. According to Dr. Reidda, the risk analysis also demonstrated that Cain has a substantial and continuing risk of reoffending. He therefore opined that Cain was still a sexually violent person in need of clinical treatment in a secure facility. Based on Dr. Reidda's report alone, the court properly found that probable cause did not exist to conclude that Cain was no longer a sexually violent person entitled to a discharge. The court, however, did not rely solely on this report; it also reviewed prior reexamination reports to measure Cain's treatment progress. We agree that each report represents an individual part of a person's treatment history, which must be considered as a whole. We therefore conclude that the court properly considered past reports. We also find no fault with the court's decision not to appoint another expert. The court specifically noted that appointing Cain's expert at that point would have been of no assistance to the court, given that there had been absolutely no change in Cain's condition and he had been resistant to sex offender treatment. In the court's own words, "[The expert], you know, can't say that facts are happening that aren't happening." While the Act allows for the appointment of an expert for an indigent person, it certainly does not require a court to take such action. The use of the term "may" in section 55(a) reveals a clear intent by the legislature to provide courts with the discretion to appoint such an expert. We cannot say that the court improperly exercised its discretion in denying Cain's motion to appoint an expert at this stage of the proceedings. See *In re Ottinger*, 333 Ill. App. 3d at 118, 775 N.E.2d at 207 (section 25 does not apply to sections 55, 60, and 65 of the Act (725 ILCS 207/25, 55, 60, 65 (West 2000))); *cf. People v. Botruff*, 331 Ill. App. 3d 486, 771 N.E.2d 570 (2002), *appeal allowed*, 201 Ill. 2d 579, 786 N.E.2d 188 (2002). Accordingly, we find no error under the circumstances presented.

■ We likewise conclude that procedural due process does not entitle a committed person to attend the probable cause hearing for a postcommitment reexamination, as Cain contends. Section 65(b)(1) clearly states, "The committed person has a right to have an attorney represent him or her at the probable cause hearing, but the person is not entitled to be present at the probable cause hearing." 725 ILCS

207/65(b)(1) (West 2000). Section 65(b)(1) adequately protects a person's liberty interest by explicitly providing the committed person with the right to have an attorney represent him at the probable cause hearing. Civil commitment is nonpunitive and lasts only so long as is necessary to address an individual's problems. "Because this is a lesser intrusion on the liberty of the [individual] than a criminal conviction, it triggers lesser procedural due process rights." *In re Perona*, 294 Ill. App. 3d 755, 765, 690 N.E.2d 1058, 1065 (1998). Our conclusion is supported by the fact that Cain's presence at the hearing would have added no value to the proceedings. The probable cause hearing consists only of a review of the reexamination reports and arguments on behalf of the parties. 725 ILCS 207/65(b)(1) (West 2000). The committed person has sufficient opportunity to consult with counsel about the reexamination report prior to the hearing, and any possible false statements made at the hearing can be corrected by counsel, who certainly would be familiar with the contents of the report. We believe that the concerns raised in *Botruff*, and relied upon by Cain in making his argument, are unsubstantiated. We therefore decline to follow *Botruff*. We further note that the Act contains numerous other postcommitment procedural safeguards against the erroneous deprivation of a person's liberty interest. We therefore conclude that Cain was not deprived of any procedural due process in this instance and that the court did not err in conducting the probable cause hearing in Cain's absence.

For his final point on appeal, Cain argues the court erred in denying his petition for his immediate release under the reasoning of *Crane*. Specifically, Cain contends that the State has yet to provide proof of a serious difficulty in controlling his behavior. Several cases have determined that the Act satisfies the requirements of due process and that the Act's definition of mental disorder sufficiently narrows the class of individuals eligible for commitment to those who are unable to control their dangerousness. Due process therefore does not require a jury to make an additional finding that a person lacks the capacity to control his sexually violent behavior. See, *e.g.*, *People v. Swanson*, 335 Ill. App. 3d 117, 123, 780 N.E.2d 342, 347 (2002), *appeal denied*, 206 Ill. 2d 641 (2003); *People v. Kastman*, 335 Ill. App. 3d 87, 101-02, 779 N.E.2d 333, 345 (2002); *In re Detention of Isbell*, 333 Ill. App. 3d 906, 912-13, 777 N.E.2d 994, 999 (2002); *People v. Hancock*, 329 Ill. App. 3d 367, 375, 771 N.E.2d 459, 465 (2002). These cases primarily relied upon the Illinois Supreme Court's opinion in *In re Detention of Varner*, 198 Ill. 2d 78, 84-86, 759 N.E.2d 560, 563-64 (2001). *In re Detention of Varner*, however, is no longer settled law, in that the United States Supreme Court vacated the Illinois Supreme

Court's judgment and remanded the cause for further consideration in light of *Crane*. *Varner v. Illinois*, 537 U.S. 802, 154 L. Ed. 2d 3, 123 S. Ct. 69 (2002) (mem.); see also *In re Detention of Traynoff*, 338 Ill. App. 3d 949 (2003). We believe, however, that Cain's commitment as a sexually violent person necessarily involved "proof of serious difficulty in controlling behavior" consistent with *Crane*, 534 U.S. at 413, 151 L. Ed. 2d at 862, 122 S. Ct. at 870. See *Swanson*, 335 Ill. App. 3d at 123, 780 N.E.2d at 347; *In re Detention of Isbell*, 333 Ill. App. 3d at 912-13, 777 N.E.2d at 999. In order to commit a person, the State must first prove that the individual suffers from a *mental disorder* that affects his or her ability to control his or her conduct. See 725 ILCS 207/5(b) (West 2000). And to find the individual sexually dangerous under the Act, the trier of fact must find that the State proved that the person is dangerous because he or she suffers from a *mental disorder* that makes it substantially probable that he or she will engage in further acts of sexual violence. See 725 ILCS 207/5(f) (West 2000). There is therefore no need for the trier of fact to make additional findings regarding that individual's ability to control his or her conduct. See *Swanson*, 335 Ill. App. 3d at 123, 780 N.E.2d at 347. The same can be said for his post-commitment proceedings. The State had the burden of proving under section 65 of the Act, by clear and convincing evidence, that Cain was still a sexually violent person, which necessarily involved "proof of serious difficulty in controlling behavior" by definition. Accordingly, the court correctly denied Cain's petition for his immediate release. We find no error.

For the aforementioned reasons, we affirm the judgments of the circuit court of Christian County.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.