Filed 5/1/08          NO. 4-07-0438

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: the Commitment of | ) | Appeal from |
| ROBERT W. BLAKEY, a Sexually Violent | ) | Circuit Court of |
| Person, | ) | Sangamon county |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 04MR112 |
|      Plaintiff-Appellee, | ) | |
|      v. | ) | Honorable |
| ROBERT W. BLAKEY, | ) | Leo J. Zappa, Jr., |
|      Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

In an 18-month reevaluation report performed in March 2007, Dr. Robert Brucker recommended that respondent, Robert W. Blakey, should (1) continue to be found a sexually violent person and (2) be ordered to conditional release in the community as long as he demonstrates a willingness to cooperate with his plan. On March 28, 2007, the State filed a motion for a finding of no probable cause under section 65(b)(1) of the Code of Criminal Procedure of 1963 to warrant an evidentiary hearing to determine whether Blakey is still a sexually violent person (725 ILCS 207/65(b)(1) (West 2006)). On April 27, 2007, the trial court conducted a probable-cause hearing to determine whether a further evidentiary hearing was necessary to determine whether Blakey was still a sexually violent person or whether Blakey was ready to be conditionally released. The court heard argument from the attorneys regarding the contents of Dr. Brucker's report. In a written order that same day, the trial court entered an order finding no probable cause to warrant a further evidentiary

hearing.  Blakey appeals, arguing that, based on Dr. Brucker's second recommendation, probable cause existed to warrant an evidentiary hearing to determine whether Blakey has made sufficient progress to be conditionally released or discharged.  We affirm.

## I. BACKGROUND

### A. Underlying Offense and Treatment History

In July 1999, Blakey pleaded guilty in Sangamon County circuit court to predatory criminal sexual abuse, and the court sentenced Blakey to 12 years' imprisonment.  People v. Blakey, No. 98-CF-571 (Sangamon County, July 1999).  Blakey, age 32 in 1999, molested three family members who were under the age of 13.  While in pretrial custody, Blakey bragged about the molestations to fellow inmates, referring to himself as the "iceman" because he was too slick to get caught.  Blakey also told inmates that he did not regret his actions and that he planned on getting a job at a day care where he would be "a lot slicker" so as not to get caught the next time.  Blakey continues to admit his actions and has recently told psychiatrists that, over the years, he has molested 10 females and males, aged 2 to 11.

In 1999, Blakey was given the opportunity to participate in a sex-offender treatment program but refused.  In 2001, Blakey agreed to participate in the program.  Blakey received treatment in the program from 2001 to 2003.  However, Dr. Timothy Lawrence, a group therapist for the program, informed Blakey's subsequent psychiatrist that:

"[Blakey's] emotional commitment and involvement in [the program] was minimal. Progress was considered to be poor. [Blakey] was clinically viewed as an immature, non[]compliant[] participant in the group process. *** [He has] a poor prognosis for community adjustment."

After receiving the aforementioned sex-offender treatment in the prison, Blakey apparently failed a subsequent screening process and was referred for detention with the Department of Health and Human Services.

In March 2004, after being in prison for less than five years, the State filed a petition to commit respondent pursuant to the Sexually Violent Persons Commitment Act (725 ILCS 207/1 through 99 (West 2004)). Following a mid-2005 bench trial, the trial court adjudicated Blakey a sexually violent person and committed Blakey to the Department of Health and Human Services for control, care, and treatment until the court determined Blakey to no longer be a sexually violent person. Blakey did not appeal the adjudication.

On March 17, 2006, Dr. Brucker performed a section 55 six-month reevaluation (725 ILCS 207/55 (West 2006) (requiring periodic reevaluations of committed persons)). Dr. Brucker noted that Blakey had stopped participating in the "CORE" treatment program and failed to participate in any sex-offender-specific treatment program during the six-month evaluation period.

Instead, Blakey was, in a sense, demoted to a therapy program entitled "POWER to Change," which was designed for offenders who struggled in the sexual-offense-specific programs. Dr. Brucker recommended that Blakey continue to be found a sexually violent person and remain committed to a secure facility for sex-offender treatment.

### B. The Section 55 18-Month Reevaluation

In March 2007, Dr. Brucker performed the 18-month reevaluation pursuant to section 55 that is at issue in the instant appeal. 725 ILCS 207/55 (West 2006). The evaluation concluded that Blakey continued to suffer from a mental disorder, namely pedophila (sexually attracted to both genders, nonexclusive type), combined with a personality disorder (not otherwise specified, with antisocial traits). Dr. Brucker stated that "due to [Blakey's] mental disorders, it [is] substantially probable that [Blakey] will engage in future acts of sexual violence."

Dr. Brucker performed several psychological tests on Blakey, which revealed that Blakey (1) had fantasies about sexually touching children and found the idea of touching children to be slightly arousing; (2) strongly disagreed with the statement, "sex between a 13-year-old (or younger) child and an adult causes the child emotional problems"; (3) demonstrated significant sexual interest in preschool, adolescent, and adult females; and (4) demonstrated significant sexual interest in sexual stories involving male and female infants, male (coercive and persuasive storylines) and female (persuasive) preschool

- 4 -

children, male (coercive) and female (coercive and persuasive) grammar-school children, and female teens (persuasive).  Dr. Brucker believed that Blakey attempted to interfere with response patterns on these tests in 9 of 22 segments.

Since the last evaluation, Blakey continued to participate in the POWER treatment program, but still had not participated in the sex-offender-specific CORE treatment program. Blakey told Dr. Brucker that, through the POWER program, he had improved his anger-management skills, his ability to analyze his feelings, and his relationships with other residents.

Based on the reevaluation, Dr. Brucker recommended that Blakey should (1) continue to be found a sexually violent person, and (2) be ordered to conditional release in the community as long as he demonstrates a willingness to cooperate with his plan. Concurrent with the section 55 reevaluation, Blakey received notice stating:

> "If you do not sign [a] waiver form, the
> [c]ourt [will] begin the process it must
> follow to determine if you have made enough
> progress to be conditionally released or
> discharged.  This means the [c]ourt will set
> a probable[-]cause hearing where it will be
> reviewing the examiner's report of your exam-
> ination.  ***  If the [c]ourt believes you
> have made enough progress to be transferred
> to conditional release or discharge, a full

hearing will be set."

Following the 18-month reevaluation, Blakey did not file a petition for conditional release or a petition for discharge. However, he also never signed a waiver of his right to petition for conditional release or discharge. Because Blakey did not sign the waiver, the matter was set for a probable-cause hearing to determine whether an evidentiary hearing was necessary to determine if Blakey was still a sexually violent person. 725 ILCS 207/65(b)(1) (West 2006) (requiring a probable-cause hearing where the committed person does not sign a waiver of his right to petition for discharge following a section 55 reevaluation).

### C. Probable-Cause Hearing

On March 28, 2007, the State filed a motion for a finding of no probable cause to warrant an evidentiary hearing to determine whether Blakey remained a sexually violent person pursuant to section 65(b). 725 ILCS 207/65(b) (West 2006). The State erroneously stated in the petition that Dr. Brucker recommended continued commitment in a secured facility, and attached Dr. Brucker's 18-month reevaluation.

On April 27, 2007, the trial court conducted the probable-cause hearing. At the conclusion of the hearing, the trial court stated:

> "I've never seen so much factual information
> so [inconsistent with the] final outcome [of
> a recommendation for conditional release] ***
> [it's] unbelievable. *** Sorry, this man is

not ready for conditional release."

In its written order, the court held that there was no probable cause to warrant an evidentiary hearing to determine whether Blakey was still a sexually violent person pursuant to section 65. 725 ILCS 207/65 (West 2006). The court also stated that there was no probable cause to hold an evidentiary hearing to determine whether Blakey was ready for conditional release, but the court did not refer to any section in the statute in so stating. This appeal followed.

## II. ANALYSIS

On appeal, Blakey argues that the trial court erred when it found no probable cause to warrant an evidentiary hearing to determine whether Blakey had made sufficient progress to be conditionally released or discharged. Blakey argues that, under section 65(b)(1), the court may only consider the reevaluation report and the argument of both parties. 725 ILCS 207/65(b)(1) (West 2006). Because Dr. Brucker's reevaluation recommendation was that the court order that Blakey was ready for conditional release, Blakey contends the trial court abused its discretion in declining to find probable cause to proceed to an evidentiary hearing on the matter. See In re Ottinger, 333 Ill. App. 3d 114, 120, 775 N.E.2d 203, 208 (2002) (generally noting that the trial court's decision not to proceed to an evidentiary hearing follow-ing a probable-cause hearing is reviewed only for abuse of discretion).

First, we note that Blakey points to the wrong section

in the Sexually Violent Persons Commitment Act.  Section 65, entitled "Petition for discharge," governs probable cause to warrant an evidentiary hearing to determine whether a person should still be considered a sexually violent person.  725 ILCS 207/65 (West 2006).  If a committed person receives a reevaluation under section 55, as Blakey did, the person shall receive a notice of his right to petition the court for discharge.  725 ILCS 207/65(b)(1), 55 (West 2006) (the Department shall conduct a reevaluation every 12 months from the completion of the last evaluation).  If the person does not affirmatively waive the right to petition for discharge, the court shall set a probable-cause hearing to determine whether the facts warrant a further hearing to determine whether the person is still a sexually violent person.  725 ILCS 207/65(b)(1) (West 2006).  Under section 65, a person will be discharged from the custody and supervision of the Department of Health and Human Services if he is found at the evidentiary hearing to no longer be a sexually violent person.  725 ILCS 207/65(b)(2),(b)(3) (West 2006).  However, in this case, both parties concede that Blakey is still a sexually violent person.  Therefore, it is Blakey's conditional release, and not his discharge, that is contested, and an evidentiary hearing under section 65 is not appropriate here.

Section 60, entitled "Petition for conditional release," governs the procedure for the court to follow in determining whether a sexually violent person may be conditionally released.  725 ILCS 207/60 (West 2006).  Blakey did not file a

petition for conditional release. And, unlike section 65, section 60 does not automatically provide for a probable-cause hearing where the committed person takes no action following a section 55 reevaluation. Nevertheless, assuming, arguendo, that the question of whether Blakey should be conditionally released was properly before the trial court at the probable-cause hearing by virtue of the fact that Dr. Brucker recommended a conditional release in the section 55 reevaluation and by virtue of the fact that Blakey never signed the accompanying waiver, the trial court was not required to find probable cause to warrant a further evidentiary hearing. "If the court determines at the probable[-]cause hearing that cause exists to believe that it is not substantially probable that the person will engage in acts of sexual violence if on release or conditional release, the court shall set [an evidentiary] hearing on the issue." 725 ILCS 207/60(c) (West 2006).

Here, the trial court stated that nothing in the reevaluation report supported Dr. Brucker's surprising recommendation that Blakey was ready for conditional release, which constituted Dr. Brucker's final sentence in the 24-page report. In fact, just a few paragraphs prior to that somewhat startling recommendation, Dr. Brucker specifically concluded that "due to [Blakey's] mental disorders, it [is] substantially probable that [Blakey] will engage in future acts of sexual violence." This language mirrors the standard set forth in section 60(c), which precludes conditional release under such circumstances. 725 ILCS

- 9 -

207/60(c) (West 2006). Dr. Brucker reported that Blakey still held the distorted belief that it was not emotionally damaging for a child under 13 years old to have sex with an adult. Additionally, Dr. Brucker reported that Blakey had not yet participated in any sex-offender-specific treatment programs, making it difficult to understand why Dr. Brucker would recommend conditional release as opposed to continued commitment in a secured facility where Blakey could graduate to sex-offender-specific treatment. Aside from the final sentence of Dr. Brucker's report, the evidence overwhelmingly favored continued commitment in a secured facility. The court was not required to hold a further evidentiary hearing on the matter.

### III. CONCLUSION

For the aforementioned reasons, we affirm the trial court's judgment.

Affirmed.

APPLETON, P.J., and STEIGMANN, J., concur.