NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190639-U

NO. 4-19-0639

IN THE APPELLATE COURT

FILED
June 23, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* the DETENTION OF HAROLD L. TINEY-BEY, a Sexually Violent Person | ) ) ) | Appeal from the Circuit Court of Champaign County |
| (The People of the State of Illinois, Petitioner-Appellee, v. Harold L. Tiney-Bey, Respondent-Appellant). | ) ) ) ) ) ) | No. 98MR213

Honorable John R. Kennedy, Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1　　*Held*:　The appellate court granted appointed counsel's motion to withdraw and affirmed the trial court's judgment where no meritorious issues could be raised on appeal.

¶ 2　　　　Respondent, Harold L. Tiney-Bey, a person committed under the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 2018)), appeals the trial court's August 2019 order granting the State's motions for a finding of no probable cause to warrant an evidentiary hearing on whether respondent was no longer a sexually violent person.

¶ 3　　　　On appeal, respondent's appointed counsel moves to withdraw as appellate counsel, citing *Anders v. California*, 386 U.S. 738 (1967), on the ground no meritorious issues can be raised in this case. Respondent maintains his commitment violates the constitutional

prohibitions on double jeopardy and *ex post facto* laws. For the following reasons, we grant counsel's motion and affirm the trial court's judgment.

¶ 4                                      I. BACKGROUND

¶ 5        We are familiar with respondent's history. In 1998, psychologist Dr. Jacqueline N. Buck submitted a report finding it to be substantially probable respondent would commit future acts of sexual violence. Dr. Buck's opinion was based upon respondent's diagnoses of pedophilia, antisocial personality disorder, and his criminal history. Respondent had been convicted of multiple violent sex crimes involving young females. The State filed a petition seeking an order committing respondent to the custody of the Illinois Department of Human Services (Department) pursuant to the Act and attached Dr. Buck's report in support. In June 2000, a jury found respondent to be a sexually violent person, and in August 2000, the trial court committed respondent to the secure care, custody, and control of the Department for treatment.

¶ 6        Over the past 20 years, respondent has been periodically evaluated to determine whether he continued to be a sexually violent person. The outcome of those evaluations remains unchanged, primarily because the evaluator must rely only on respondent's clinical chart and past records, as respondent has always refused to cooperate and participate in treatment and the reevaluation process.

¶ 7        In March 2018, Dr. Kimberly Weitl prepared a psychological reevaluation report of respondent. Respondent refused to participate and Weitl concluded respondent had not made sufficient progress in treatment to be conditionally released. Weitl also concluded respondent remained a sexually violent person. In March 2019, Weitl filed an identical reevaluation report. Respondent continued to refuse to participate in the reevaluation process.

¶ 8        In July 2019, the State filed two motions for a finding of no probable cause based upon Weitl's March 2018 and March 2019 reevaluation reports. In the motions, the State noted respondent had not affirmatively waived his right to petition the court for discharge and section 65(b)(1) of the Act (725 ILCS 207/65(b)(1) (West 2018)) required the trial court to hold a probable cause hearing.

¶ 9        In August 2019, the trial court held the probable cause hearing. Following the parties' arguments, the court found no probable cause was shown to believe respondent was no longer a sexually violent person. In making its finding, the court noted respondent had not made the progress required.

¶ 10        In September 2019, respondent filed a timely notice of appeal and the trial court appointed John Hensley to represent him on appeal.

¶ 11        In December 2019, appointed counsel filed a motion to withdraw pursuant to *Anders* and attached a supporting memorandum of law, identifying issues which might arguably support an appeal but concluding they were without merit. This court granted respondent leave to file a response to the motion and he responded, indicating the reasons he believes his appeal is not frivolous. The State also filed an appellee's brief.

¶ 12                                II. ANALYSIS

¶ 13        On review, appointed counsel contends the only issue of potentially arguable merit is whether "[t]he circuit court erred in finding no probable cause was shown to warrant an evidentiary hearing to determine whether [respondent] remained a sexually violent person." Counsel concludes the issue is without arguable merit and we agree.

¶ 14        In response to appointed counsel's motion to withdraw, respondent argues his commitment is unauthorized under the Act as it is "civil rather than criminal in nature."

Respondent further argues (1) his commitment violates the constitutional prohibitions on double jeopardy "because the Act imposes a second punishment upon a criminal defendant who has already served his sentence" and (2) application of the Act to respondents, "such as himself, who committed their crimes before its effective date, violates the [constitutional] provisions against *ex post facto*, or retroactive, criminal laws."

¶ 15        At the time of each reexamination under the Act, the committed person receives notice of the right to petition the trial court for discharge. 725 ILCS 207/65(b)(1) (West 2018). If the committed person does not affirmatively waive that right, like respondent in this case, the trial court must "set a probable cause hearing to determine whether facts exist to believe that since the most recent periodic reexamination ***, the condition of the committed person has so changed that he or she is no longer a sexually violent person." *Id.* At such a probable cause hearing, the court only reviews the reexamination reports and hears the parties' arguments. *Id.* If the court finds probable cause does exist, then it must set an evidentiary hearing on the issue. 725 ILCS 207/65(b)(2) (West 2018). Whether probable cause exists to warrant a further evidentiary hearing is another matter resting in the court's sound discretion, and we will not disturb that determination absent an abuse of discretion. *In re Detention of Cain*, 341 Ill. App. 3d 480, 482, 792 N.E.2d 800, 803 (2003).

¶ 16        With all probable cause hearings under the Act, the trial court's role is "to determine whether the movant has established *a plausible account* on each of the required elements to assure the court that there is a substantial basis for the petition." (Emphasis in original and internal quotation marks omitted.) *In re Detention of Stanbridge*, 2012 IL 112337, ¶ 62, 980 N.E.2d 598. For a respondent to receive an evidentiary hearing under section 65(b)(2) of the Act, the court must find a plausible account exists the respondent is "no longer a sexually

- 4 -

violent person." 725 ILCS 207/65(b)(2) (West 2018). A respondent is only entitled to an evidentiary hearing if plausible evidence shows the respondent (1) no longer suffers from a mental disorder or (2) is no longer dangerous to others because his or her mental disorder no longer creates a substantial probability he or she will engage in acts of sexual violence. *Stanbridge*, 2012 IL 112337, ¶ 68. Under the Act, "substantially probable" means "much more likely than not." (Internal quotation marks omitted.) *In re Commitment of Curtner*, 2012 IL App (4th) 110820, ¶ 37, 972 N.E.2d 351; see also *In re Detention of Hayes*, 321 Ill. App. 3d 178, 188, 747 N.E.2d 444, 453 (2001).

¶ 17        According to Dr. Weitl, respondent's "condition has not changed since his last examination and he continues to meet the criteria as a Sexually Violent Person as outlined in the [Act]." Weitl opined respondent "has not made sufficient progress in sex offender treatment to be conditionally released, and should remain at the [Department] for secure care and sexual offense specific treatment." Dr. Weitl found respondent continues to suffer from (1) pedophilic disorder in a controlled environment and (2) antisocial personality disorder. Respondent scored in the highest risk category on actuarial instruments and "he is over 3 times more likely than the typical offender" to commit a future sexual offense. Respondent's risk to reoffend, despite his age, remains high and he currently has no "protective factors," which can lower one's risk of sexual recidivism.

¶ 18        Given the substantial bases in Dr. Weitl's March 2018 and March 2019 reports, we find the trial court did not abuse its discretion by finding probable cause was not shown to warrant an evidentiary hearing.

¶ 19        Further, as argued by the State, respondent's additional assertions—in his response to appointed counsel's motion to withdraw as counsel on appeal—his commitment

violates the constitutional prohibitions on double jeopardy and *ex post facto* laws are also without merit. As the State correctly noted, the question of the constitutionality of the Act has been decided. In *In re Detention of Samuelson*, 189 Ill. 2d 548, 559, 727 N.E.2d 228, 235 (2000), the supreme court found the Act constitutional and "not subject to challenge on either double jeopardy or *ex post facto* grounds." Respondent's constitutional challenge has no merit.

¶ 20                               III. CONCLUSION

¶ 21          For the reasons stated, we grant appointed counsel's motion to withdraw and affirm the trial court's judgment.

¶ 22          Affirmed.