# Illinois Official Reports

## Appellate Court

---

*In re Commitment of Galba*, 2017 IL App (3d) 150613

---

| | |
|---|---|
| Appellate Court Caption | *In re* COMMITMENT OF TERRENCE GALBA (The People of the State of Illinois, Petitioner-Appellee, v. Terrence Galba, Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-15-0613 |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | January 18, 2017<br><br>May 19, 2017<br>May 19, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 01-MR-33; the Hon. Stanley B. Steiner, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Allison B. Fagerman, of Pignatelli & Associates, of Rock Falls, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (Michael M. Glick and Daniel B. Lewin, Assistant Attorneys General, of counsel), for the People. |

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Lytton and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    In 2002, the respondent, Terrence Galba, was found to be a sexually violent person (SVP) and ordered committed to a secure facility under the Sexually Violent Persons Commitment Act (SVP Act) (725 ILCS 207/1 *et seq.* (West 2014)). Respondent has received periodic reexaminations by an expert as required by section 55(a) of the SVP Act (725 ILCS 207/55(a) (West 2014)). Following respondent's most recent reevaluation, the People filed a motion for a finding of no probable cause to believe that respondent was not still an SVP. The circuit court granted the People's motion on August 4, 2015. Respondent appeals from the court's order. We affirm.

¶ 2                                    BACKGROUND

¶ 3    Pursuant to section 55(a) of the SVP Act, respondent has been reexamined periodically since his initial commitment. 725 ILCS 207/55 (West 2014). On April 7, 2015, following the most recent reexamination, the People filed a motion for a finding of no probable cause to believe that respondent was not still an SVP. Respondent neither waived his right to petition for discharge nor filed a petition for conditional release pursuant to section 60 of the SVP Act. 725 ILCS 207/60 (West 2014). In support of their motion, the People submitted the reevaluation report of Dr. Steven Gaskell, wherein he concluded, to a reasonable degree of psychological certainty, that respondent was still an SVP and should remain committed to a secure treatment facility.

¶ 4    Dr. Gaskell reported that he reviewed respondent's criminal record, examined the respondent's personal and medical and treatment histories, and conducted a clinical interview with respondent in March 2015. Dr. Gaskell noted that respondent was convicted in 1994 of aggravated kidnapping and aggravated sexual assault following an incident with a nine-year-old boy respondent had taken from a school playground. Respondent targeted the boy by collecting local newspaper articles about youth athletics. Dr. Gaskell further noted that, during his March 2015 clinical interview, respondent admitted that he is still sexually attracted to young males between 6 and 15 years old. Respondent also admitted to having a sexual fantasy about a child three days prior to the clinical interview and to multiple such fantasies during the previous year. Dr. Gaskell gave a current diagnosis of pedophilic disorder, sexual attraction to males, nonexclusive type. Dr. Gaskell also concluded that respondent continued to have a specified personality disorder with antisocial traits which "erode and disinhibit [respondent's] already flawed judgment and behavioral controls regarding acts of sexual violence." Dr. Gaskell further concluded that respondent "continues to be a substantial risk of re-offense." Dr. Gaskell scored respondent on two actuarial risk assessment instruments and determined that he fell within the moderate risk category, indicating that respondent was twice as likely to reoffend as a typical sex offender.

¶ 5    After reviewing respondent's recent treatment history, Dr. Gaskell acknowledged that respondent actively participated and cooperated in therapy and had recently progressed into a

new treatment phase. However, Dr. Gaskell concluded that respondent's therapeutic progress was "not sufficient to reduce [respondent's] substantial risk for sexually violent reoffending."

¶ 6 Respondent did not submit evidence in opposition to the People's motion, but moved for the appointment of an expert evaluator. In support of that motion, respondent testified that, two months prior, he started phase three of the five-phase treatment program and that he believed he was progressing toward effectively controlling his actions. On cross-examination, respondent admitted that he had not started his relapse prevention treatment, and he was still in the early stages of treatment.

¶ 7 After weighing all relevant evidence, the circuit court denied respondent's motion for appointment of an independent evaluator. The court then found no probable cause to warrant an evidentiary hearing on the issue of whether respondent continued to be an SVP. Respondent timely appealed the order of the circuit court.

¶ 8 ANALYSIS

¶ 9 Respondent maintains that the trial court erred in finding that there was no probable cause to warrant an evidentiary hearing regarding his continued commitment to a secured treatment facility. The SVP Act requires periodic reevaluation of committed individuals to determine whether (1) the individual has made sufficient progress in treatment to be conditionally released and (2) the individual's condition has so changed since the most recent periodic examination that he or she is no longer an SVP. 725 ILCS 207/55(a) (West 2014). At the time of the reexamination, the committed person receives written notice of the right to petition the court for discharge and informs the person of the process to waive that right. 725 ILCS 207/65(b)(1) (West 2014). If the committed person does not waive the right to petition for discharge, the court conducts a probable cause hearing to determine if facts exist to warrant a further hearing on the issue of whether the person remains an SVP. 725 ILCS 207/65(b)(1) (West 2014).

¶ 10 In the instant matter, respondent did not waive the right to petition for discharge of file a petition for discharge. Where the committed individual does not file a petition for discharge, yet failed to waive the right to petition, the hearing for probable cause consists only of a review of the reexamination report and arguments of the parties. 725 ILCS 207/65(b)(1) (West 2014). The existence of probable cause is a question of law. *In re Commitment of Kirst*, 2015 IL App (2d) 140532, ¶ 49. Where no testimony is heard and the trial court is simply reviewing the documentary evidence, we apply a *de novo* standard of review. *In re Commitment of Wilcoxen*, 2016 IL App. (3d) 140359, ¶ 28.

¶ 11 Respondent must present sufficient evidence to warrant an evidentiary hearing to determine whether he is "still a sexually violent person." (Emphasis and internal quotation marks omitted.) *In re Detention of Stanbridge*, 2012 IL 112337, ¶ 67. To satisfy this standard, respondent was required to present evidence that he no longer meets the elements for commitment in that he (1) no longer has a mental disease or (2) is no longer dangerous to others because his mental disorder no longer creates a substantial probability that he will engage in acts of sexual violence. *Kirst*, 2015 IL App (2d) 140532, ¶ 53; 725 ILCS 207/5(f) (West 2014).

¶ 12 In this case, respondent did not satisfy his burden, failing to establish that he no longer had a mental disease or that he was no longer dangerous or presented a substantial probability of reoffending. The evidence at the probable cause hearing consisted only of Dr. Gaskell's report.

Dr. Gaskell concluded, to a reasonable degree of psychological certainty, that respondent was still an SVP, still had a mental disease (pedophilic disorder and specified personality disorder) and was still substantially liable to reoffend as a result of his continuing mental disease. The diagnosis and conclusions were based upon Dr. Gaskell's review of respondent's current treatment records as well his clinical interview of respondent occurring approximately two months prior to the hearing.

¶ 13 Respondent maintains that his progress in treatment, acknowledged by Dr. Gaskell, was sufficient to establish probable cause that he was no longer a SVP. We disagree. While there is no dispute that respondent had progressed in his therapy, there is also no dispute in the record that he remains a SVP. Dr. Gaskell took respondent's treatment progress into account, but concluded that respondent's progress in treatment was "not considered to be sufficient to reduce his substantial risk for sexually violent reoffending." The record was uncontroverted that respondent was less than halfway through his prescribed treatment program and continued to experience inappropriate sexual fantasies over which he struggled to control.

¶ 14 The evidence readily established that respondent continued to suffer from a mental disorder and that his mental disorder continued to create a substantial probability that he will engage in acts of sexual violence. 725 ILCS 207/5(f) (West 2014). Therefore, we hold that the circuit court did not err in granting the People's motion for a finding of no probable cause to warrant an evidentiary hearing.

¶ 15 CONCLUSION
¶ 16 The judgment of the circuit court of Whiteside County is affirmed.

¶ 17 Affirmed.