# Illinois Official Reports

## Appellate Court

---

### *In re Commitment of Canada*, 2018 IL App (4th) 170511

---

| | |
|---|---|
| Appellate Court Caption | *In re* COMMITMENT OF JON CANADA, a Sexually Violent Person (The People of the State of Illinois, Petitioner-Appellee, v. Jon Canada, Respondent-Appellant). |
| District & No. | Fourth District<br>Docket No. 4-17-0511 |
| Filed | June 14, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 12-MR-23; the Hon. Robert M. Travers, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kathleen A. Isley, of Isley Law, of Oregon, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Michael M. Glick and Evan B. Elsner, Assistant Attorneys General, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Knecht and Cavanagh concurred in the judgment and opinion. |

¶ 1      In August 2014, a jury found respondent, Jon Canada, to be a sexually violent person. In June 2015, the trial court committed respondent to the custody of the Department of Human Services for control, care, and treatment until such time that he was no longer a sexually violent person.

¶ 2      In June 2016, Dr. Richard Travis conducted a psychological reexamination of respondent. Travis concluded that respondent had not made sufficient progress in treatment to be conditionally released. Travis also concluded that respondent remained a sexually violent person.

¶ 3      Later in June 2016, the trial court scheduled a probable cause hearing to determine whether facts exist to believe that respondent was no longer a sexually violent person. The State then filed a motion for a finding of no probable cause.

¶ 4      In August 2016, respondent filed a petition for conditional release. In December 2016, the trial court appointed Dr. Luis Rosell as respondent's independent evaluator. Rosell ultimately concluded that respondent made sufficient progress in treatment to be conditionally released.

¶ 5      In May 2017, the trial court held a probable cause hearing. The court ultimately concluded (1) there was probable cause to believe that respondent remained a sexually violent person and (2) there was no probable cause to believe that respondent made sufficient progress in treatment to be conditionally released.

¶ 6      Respondent appeals, arguing that there was probable cause to believe that he made sufficient progress in treatment to be conditionally released. We disagree and affirm.

¶ 7                       I. BACKGROUND

¶ 8              A. The Civil Confinement of Respondent

¶ 9      In September 2009, the State charged respondent with aggravated criminal sexual abuse for inappropriately touching a 14-year-old girl. In September 2010, respondent pled guilty to aggravated criminal sexual abuse. 720 ILCS 5/12-16(d) (West 2008). The trial court sentenced petitioner to three years in prison.

¶ 10      In March 2012, the State petitioned to commit respondent under the Sexually Violent Persons Commitment Act (Act). 725 ILCS 207/15 (West 2012). Under the Act, a sexually violent person is an individual who (1) has been convicted of a sexually violent offense, (2) suffers from a mental disorder, and (3) is substantially probable to engage in acts of sexual violence. *Id.* § 5(f). In this context, a mental disorder is "a congenital or acquired condition affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence." *Id.* § 5(b). Substantially probable means " 'much more likely than not.' " *In re Commitment of Curtner*, 2012 IL App (4th) 110820, ¶ 37, 972 N.E.2d 351.

¶ 11      In August 2014, a jury found respondent to be a sexually violent person. In June 2015, the trial court committed respondent to the custody of the Department of Human Services for control, care, and treatment until such time that he was no longer a sexually violent person. Respondent appealed, and this court affirmed. *In re Commitment of Canada*, 2016 IL App (4th) 150767-U.

¶ 12                    B. The State's Reexamination of Respondent

¶ 13    In June 2016, Travis conducted a psychological reexamination of respondent. The purpose of the reexamination was to determine (1) whether respondent made sufficient progress in treatment to be conditionally released and (2) whether respondent remained a sexually violent person. 725 ILCS 207/55(a) (West 2016).

¶ 14    Travis concluded that respondent had not made sufficient progress in treatment to be conditionally released. He noted that respondent had "just begun sex offender treatment" and that he still needs "intensive treatment." Travis further noted that although "his participation in treatment is excellent to date, he is only in phase two of the five-phase treatment program. He has no Relapse Prevention Plan and no Good Lives Plan [citation]."

¶ 15    Travis also concluded that respondent remained a sexually violent person. Travis diagnosed respondent with the mental disorders of (1) voyeuristic disorder, (2) other specified personality disorder with antisocial and narcissistic features, and (3) alcohol use disorder. Travis based this upon respondent's prior alcohol abuse and his lengthy criminal history, which included breaking into a woman's house and masturbating, peeping into windows, and inappropriately touching a teenager.

¶ 16    Travis further concluded that it was substantially probable that respondent would engage in future acts of sexual violence. Travis used the Static-99R and the Static-2002R to predict respondent's likelihood of recidivism. Travis found that respondent was a high risk on the Static-99R and a moderate risk on Static-2002R. Travis also concluded that respondent's age and his progress in treatment were not independent protective factors that reduced the risk of recidivism.

¶ 17                    C. The Motion for a Finding of No Probable Cause

¶ 18    Later in June 2016, the trial court scheduled a probable cause hearing to determine whether facts exist to believe that respondent was no longer a sexually violent person. *Id.* § 65(b)(1). If the court found that probable cause existed, the court would schedule an evidentiary hearing where the State would have to prove by clear and convincing evidence that respondent remained a sexually violent person. *Id.* § 65(b)(2).

¶ 19    On June 30, 2016, the State filed a motion for a finding of no probable cause. In support of its motion, the State attached the report Travis prepared.

¶ 20                    D. The Petition for Conditional Release

¶ 21    In August 2016, respondent filed a petition for conditional release. *Id.* § 60(a). If the trial court found probable cause to believe that respondent had made sufficient progress in treatment to be conditionally released, the court would schedule an evidentiary hearing on the issue. *Id.* § 60(c). At an evidentiary hearing, the State would have to prove by clear and convincing evidence that respondent had not made sufficient progress in treatment to be conditionally released. *Id.* § 60(d).

¶ 22                    E. Dr. Rosell's Evaluation

¶ 23    In December 2016, the trial court appointed Dr. Luis Rosell as respondent's independent evaluator. Rosell diagnosed respondent with (1) other specified personality disorder with antisocial features and (2) alcohol use disorder. Rosell performed actuarial tests to predict

respondent's risk of recidivism and concluded that respondent represented an above average risk of reoffending on both the Static-99R and on the Static-2002R tests.

However, Rosell ultimately concluded that respondent made sufficient progress in treatment to be conditionally released. Rosell noted that respondent had "progressed positively" during treatment and that he is "currently in Phase 2 of the SVP treatment program." Rosell further noted that if respondent "returns to the community[,] he would be required to adhere to all the conditions required of conditional release. The list of requirements consists of dozens of rules that Mr. Canada would have to abide by." Rosell opined that respondent "would be aware that if he were not to abide by the conditions required he could *** be returned to [civil confinement]." Rosell further noted that respondent "has expressed a desire to follow all the conditions that would be required of him if he were placed in the community."

### F. The Trial Court's Ruling

In May 2017, the trial court conducted a probable cause hearing. *Id.* §§ 65(b)(1), 60(c). The court considered only the evaluations prepared by Rosell and Travis and the parties' arguments. The court ultimately concluded (1) there was probable cause to believe that respondent remains a sexually violent person and (2) there was no probable cause to believe that respondent made sufficient progress in treatment to be conditionally released.

This appeal followed.

### II. ANALYSIS

Respondent appeals, arguing there was probable cause to believe that he made sufficient progress in treatment to be conditionally released. Accordingly, respondent requests an evidentiary hearing on this issue. We disagree and affirm.

### A. The Applicable Statute

A sexually violent person in civil confinement may petition the trial court for conditional release. *Id.* § 60(a). After the examiners file their reports, the trial court must set a probable cause hearing. *Id.* § 60(c). The probable cause hearing consists of a review of the evaluators' reports and arguments by the parties. *Id.* If the court finds probable cause to believe the person has made *sufficient progress* in treatment to the point where he is no longer substantially probable to engage in acts of sexual violence if he is on conditional release, the court shall set an evidentiary hearing on the issue. *Id.*

### B. The Applicable Case Law

At a probable cause hearing for conditional release, the respondent must present plausible evidence that it is not substantially probable that he will engage in acts of sexual violence if he is on conditional release. *In re Commitment of Smego*, 2017 IL App (2d) 160335, ¶ 25, 90 N.E.3d 530 (citing *In re Detention of Stanbridge*, 2012 IL 112337, ¶ 54, 980 N.E.2d 598). This plausible evidence can be (1) a change in the respondent himself, (2) a change in professional knowledge or the methods used to evaluate a person's mental disorder or risk of reoffending, or (3) a change in the applicable legal definitions. *Stanbridge*, 2012 IL 112337, ¶ 72.

¶ 34    A court must consider the reasonable inferences that can be drawn from the evidence, but it cannot choose between conflicting facts or inferences or engage in a full and independent evaluation of an expert's credibility or methodology. *Smego*, 2017 IL App (2d) 160335, ¶ 23. Nevertheless, without some evidence of sufficient progress or other changed relevant circumstance, the opinion of an expert witness is insufficient to establish probable cause. *Stanbridge*, 2012 IL 112337, ¶ 76.

¶ 35    The respondent bears the burden of establishing probable cause. *Smego*, 2017 IL App (2d) 160335, ¶ 23. The existence of probable cause is governed by commonsense considerations and concerns the probability of criminal activity. *People v. Jackson*, 232 Ill. 2d 246, 275, 903 N.E.2d 338, 403 (2009) (cited with approval in *In re Detention of Hardin*, 238 Ill. 2d 33, 45, 932 N.E.2d 1016, 1023 (2010)). Probable cause deals with the practical considerations of everyday life upon which a reasonable and prudent person, rather than a legal technician, acts. *People v. Love*, 199 Ill. 2d 269, 279, 769 N.E.2d 10, 17 (2002).

¶ 36    The existence of probable cause is a question of law and becomes a question of fact only if the underlying facts are in dispute. *In re Commitment of Kirst*, 2015 IL App (2d) 140532, ¶ 49, 40 N.E.3d 1215. When no testimony is presented and the trial court is merely reviewing documentary evidence, our review is *de novo*. *In re Commitment of Galba*, 2017 IL App (3d) 150613, ¶ 10, 79 N.E.3d 762.

¶ 37                              C. This Case

¶ 38    Respondent argues there was probable cause to believe that he made sufficient progress in treatment to be conditionally released. 725 ILCS 207/60(c) (West 2016). We disagree.

¶ 39                          1. *The Treatment Program*

¶ 40    First, respondent was only in phase two of his five-phase treatment program. Based upon the facts of this case, we conclude that respondent failed to prove that this was *sufficient progress* as required under the Act. *Id.* § 60(c).

¶ 41    For example, in *Smego*, 2017 IL App (2d) 160335, ¶ 4, the respondent petitioned the court for conditional release. The respondent in that case was also only in phase two of his five-phase treatment program, and his independent evaluator concluded that he was suitable for conditional release. *Id.* ¶ 26. The trial court denied the respondent's petition for conditional release. *Id.* ¶ 20. The respondent appealed, arguing that he established probable cause for an evidentiary hearing based upon his progress. *Id.* ¶ 21. The Second District disagreed, reasoning as follows:

> "We do not find respondent's arguments persuasive. Of course, we recognize that *** respondent did complete *some* additional therapy. That does little to support a finding that he had made *sufficient 'progress in treatment'* (emphasis added) (725 ILCS 207/60(c) (West 2014)) such that it was no longer substantially probable that he would engage in acts of sexual violence were he released. Moreover, that respondent was still in the *second stage of a five-stage program* that has been deemed necessary and appropriate to reduce this probability cuts strongly the other way." (Emphases added and in original.) *Id.* ¶ 27.

¶ 42    As did the Second District in *Smego*, we recognize that respondent has made *some* progress in treatment. However, he has failed to demonstrate that he made *sufficient progress*

- 5 -

as required under the Act. 725 ILCS 207/60(c) (West 2016); *Smego*, 2017 IL App (2d) 160335, ¶ 27; see *Galba*, 2017 IL App (3d) 150613, ¶ 13 (the respondent failed to establish probable cause that he was no longer a sexually violent person when he was less than halfway through his prescribed treatment program); see also *Kirst*, 2015 IL App (2d) 140532, ¶ 58 (the respondent failed to establish probable cause that he was no longer a sexually violent person when he was only in phase two of his five-phase treatment program).

¶ 43                                    2. *Dr. Rosell's Evaluation*

¶ 44        Second, Rosell's report was insufficient to establish probable cause. Without some evidence of sufficient progress or other changed relevant circumstance, the opinion of an expert witness is insufficient to establish probable cause. *Stanbridge*, 2012 IL 112337, ¶ 76.

¶ 45        In this case, Rosell recommended conditional release and noted that if respondent "returns to the community[,] he would be required to adhere to all the conditions required of conditional release. The list of requirements consists of dozens of rules that Mr. Canada would have to abide by [citation]." Rosell further noted that respondent "would be aware that if he were not to abide by the conditions required he could be *** returned to [civil confinement.]" Finally, Rosell noted that respondent "has expressed a desire to follow all the conditions that would be required of him if he were placed in the community."

¶ 46        We conclude that Rosell's opinion fails to establish probable cause because his opinion was not based on any sufficient progress or any other changed relevant circumstance. To the contrary, Rosell diagnosed respondent with (1) other specified personality disorder with antisocial features and (2) alcohol use disorder, and Rosell also noted that respondent represented an above average risk of reoffending on both the Static-99R and on the Static-2002R tests.

¶ 47        Based upon his own report, Rosell's opinion was not based upon sufficient progress or any other changed relevant circumstance. In fact, Rosell's own report casts doubt upon respondent's volitional capacity to abide by the terms of conditional release. Accordingly, Rosell's report fails to establish probable cause to believe that respondent made sufficient progress in treatment to be conditionally released. See *id.* ¶ 76 ("Without some evidence of sufficient progress or other relevant changed circumstances, the opinion was insufficient to establish probable cause."); see *Smego*, 2017 IL App (2d) 160335, ¶ 28 (evaluator's report failed to establish probable cause when it was not based on any progress the respondent had made).

¶ 48                                    3. *Other Relevant Factors*

¶ 49        Last, we note that respondent, rather than the State, bore the burden of establishing probable cause. *Smego*, 2017 IL App (2d) 160335, ¶ 23. Although the probable cause threshold is not high, neither is it minimal. *Id.* ¶ 30. We conclude that respondent failed to meet his burden.

¶ 50        For example, Travis concluded that respondent had not made sufficient progress in treatment to be conditionally released because he had "just begun sex offender treatment" and that he still needs "intensive treatment (citation omitted)." Travis diagnosed respondent with the mental disorders of (1) voyeuristic disorder, (2) other specified personality disorder with antisocial and narcissistic features, and (3) alcohol use disorder. Travis used the

Static-99R and the Static-2002R to predict respondent's likelihood of recidivism. Respondent was a high risk on the Static-99R and a moderate risk on Static-2002R. Based upon this, Travis concluded that there is a substantial probability that respondent will engage in future acts of sexual violence.

¶ 51 Likewise, Rosell diagnosed respondent with (1) other specified personality disorder with antisocial features and (2) alcohol use disorder. Rosell performed actuarial tests to predict respondent's risk of recidivism and concluded that respondent represented an above average risk of reoffending on both the Static-99R and on the Static-2002R tests.

¶ 52 Finally, as we previously noted, respondent was only in phase two of his five-phase treatment program. This was not *sufficient progress* as required under the Act. 725 ILCS 207/60(c) (West 2016); *Smego*, 2017 IL App (2d) 160335, ¶ 27 (being in the "second stage of a five-stage program that has been deemed necessary and appropriate to reduce this probability cuts strongly the other way").

¶ 53 In sum, based upon commonsense considerations and the probability of criminal activity, we conclude there was no probable cause to believe that respondent made sufficient progress in treatment to be conditionally released. *Hardin*, 238 Ill. 2d at 45.

¶ 54                                III. CONCLUSION
¶ 55 For the reasons stated, we affirm the trial court's judgment.

¶ 56 Affirmed.