Docket No. 94334–Agenda 3–May 2003.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PAUL E. BOTRUFF, Appellee.

Opinion filed September 23, 2004.

JUSTICE KILBRIDE delivered the opinion of the court:

This case concerns postcommitment provisions of the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 
et seq
. (West 2000)). Following the completion of his sentence for criminal sexual assault, respondent was committed to the Department of Human Services (Department). In connection with a mandatory reexamination procedure under the Act, he requested the appointment of an independent evaluator. The circuit court of Warren County denied the request, and respondent appealed. A divided appellate court reversed (331 Ill. App. 3d 486), holding that: (1) section 25(e) of the Act (725 ILCS 207/25(e) (West 2000)), requiring a circuit court to appoint an independent evaluator upon an indigent respondent’s request, applies to postcommitment proceedings; and (2) section 65(b)(1) of the Act (725 ILCS 207/65(b)(1) (West 2000)), prohibiting a respondent from attending a limited probable cause hearing, is unconstitutional. We reverse the decision of the appellate court.

I. BACKGROUND

The Sexually Violent Persons Commitment Act took effect on January 1, 1998. Pub. Act 90–40, eff. January 1, 1998. The Act authorizes the civil commitment of persons deemed sexually violent. 725 ILCS 207/1 
et seq
. (West 2000). Section 15 of the Act allows the State to petition the court for the civil commitment of sexually violent persons. 725 ILCS 207/15(b) (West 2000). The court then conducts a hearing “to determine whether there is probable cause to believe that the [individual] is a sexually violent person.” 725 ILCS 207/30(b) (West 2000). Section 5(f) of the Act defines a “[s]exually violent person” as:

“a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence.” 725 ILCS 207/5(f) (West 2000).

Respondent in this case pleaded guilty to criminal sexual assault and served approximately two years and eight months in prison. Criminal sexual assault is an enumerated sexually violent offense under the Act (see 725 ILCS 207/5(e) (West 2000)). The State successfully petitioned for respondent’s civil commitment.

Following a civil commitment, the Department must conduct a reexamination of the committed person’s mental condition within six months of the initial commitment, and additional reexaminations must occur in at least 12-month intervals. 725 ILCS 207/55(a) (West 2000). The purpose of these reexaminations is to determine whether the committed person has progressed enough to be conditionally released or discharged. 725 ILCS 207/55(a) (West 2000). At the time of each reexamination, the committed person receives written notice of the right to petition the court for discharge. 725 ILCS 207/65(b)(1) (West 2000). The notice must contain a waiver of rights. 725 ILCS 207/65(b)(1) (West 2000). If the committed person does not waive the right to petition for discharge, the court conducts a probable cause hearing to determine if facts exist to warrant a hearing on the issue of whether respondent remains a sexually violent person. 725 ILCS 207/65(b)(1) (West 2000). Section 65(b)(1) further provides that the committed person has the right to an attorney at the probable cause hearing, but the respondent is not entitled to be present at the probable cause hearing. 725 ILCS 207/65(b)(1) (West 2000).

Respondent’s initial reexamination occurred in August 1999. Based on the examining doctor’s report, the State moved for a directed finding against respondent on the issue of probable cause Respondent then moved for appointment of an independent evaluator. The motion was granted. Respondent ultimately stipulated to the examining experts’ reports. Based on those reports, the court granted the State’s motion for a directed finding.

Respondent’s next reexamination occurred in September 2000. Respondent did not waive his right to petition for discharge, and the court therefore conducted a probable cause hearing. While respondent was statutorily prohibited from attending the hearing pursuant to section 65(b)(1) of the Act (725 ILCS 207/65(b)(1) (West 2000)), an attorney appeared on respondent’s behalf and requested the appointment of an independent evaluator. The court denied respondent’s request. The court reasoned:

“I think in order for Mr. Botruff to be independently [evaluated] there must be at least some basis for the Court to order such an independent [evaluation] other than just that he would like to be [evaluated] by another party; that there is something in the report of the [expert] that indicates to me he is perhaps somehow biased or skewed or not accurately reporting the results of the examination, or that there are some other factors that the [expert] has not considered in the report.”

Based on the examining expert’s report, the court found that respondent remained a sexually violent person and that no probable cause existed to warrant a hearing on the issue. Respondent appealed, and the appellate court reversed, holding that section 25(e) of the Act mandates that an independent evaluator be appointed at any hearing under the Act upon the request of an indigent respondent, and to avoid equal protection concerns, a court must grant an indigent respondent’s request for appointment of an independent evaluator during postcommitment proceedings. 331 Ill. App. 3d at 491. The appellate court also held that section 65(b)(1), prohibiting respondent from appearing at the probable cause hearing, was unconstitutional. 331 Ill. App. 3d at 494.

The dissenting justice reasoned that the plain language of section 25(e) indicates that it applies solely to initial commitment hearings. 331 Ill. App. 3d at 495 (Lytton, P.J., dissenting). In addition, Justice Lytton stated that due to the limited nature of a section 65(b)(1) hearing, defendant’s presence would have added nothing and, therefore, his due process rights were not infringed. 331 Ill. App. 3d at 497-98 (Lytton, P.J., dissenting).

We allowed the State’s petition for leave to appeal. 177 Ill. 2d R. 315(a).

II. ANALYSIS

A. Appointment of an Independent Evaluator

The State argues that the appellate court erroneously determined that the mandatory appointment of an independent evaluator provision of section 25(e) is applicable to a committed person who is subject to reexamination under section 55(a). Section 25(e) of the Act provides, in part, as follows:

“Whenever the person who is the subject of the petition is required to submit to an examination under this Act, he or she may retain experts or professional persons to perform an examination. *** If the person is indigent, the court shall, upon the person’s request, appoint a qualified and available expert or professional person to perform an examination *** and participate in the trial on behalf of an indigent person.” 725 ILCS 207/25(e) (West 2000).

Section 55(a), in addition to providing for periodic reexamination of persons committed under the Act, states, in relevant part:

“At the time of a reexamination under this Section, the person 
who has been committed
 may retain or, if he or she is indigent and so requests, the court 
may
 appoint a qualified expert or a professional person to examine him or her.” (Emphases added.) 725 ILCS 207/55(a) (West 2000).

 According to the State, section 25(e) pertains to a person’s rights at the time of the original petition for civil commitment, while section 55(a) involves a respondent’s rights upon reexamination, after the person has been civilly committed. Respondent counters that, when section 55(a) is read in light of section 25(e), the intent of the legislature is unclear. Respondent argues that section 25(e) requires the appointment of an independent examiner upon an indigent person’s request “whenever” the person is subject to an examination. According to respondent, there is nothing in the statute to prove definitively that the legislature intended section 25(e) to apply solely to precommitment proceedings and section 55(a) to apply solely to postcommitment proceedings.

As the issue before us is a matter of statutory construction, our review is 
de novo
.
 Sylvester v. Industrial Comm’n
, 197 Ill. 2d 225, 232 (2001). The primary objective of this court in construing the meaning of a statute is to ascertain and give effect to the intention of the legislature.
 Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 503-04 (2000). All other rules of statutory construction are subordinate to this cardinal principle. 
Henrich v. Libertyville High School
, 186 Ill. 2d 381, 387 (1998). The intent of the legislature can be best determined by examining the language of the statute.
 In re D.L.
, 191 Ill. 2d 1, 9 (2000). The statutory language is to be given its plain, ordinary and popularly understood meaning.
 Union Electric Co. v. Department of Revenue
, 136 Ill. 2d 385, 397 (1990).

Because all provisions of a statutory enactment are viewed as a whole (
Bubb v. Springfield School District 186
, 167 Ill. 2d 372, 382 (1995)), words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute (
Sylvester
, 197 Ill. 2d at 232; 
Michigan Avenue National Bank
, 191 Ill. 2d at 504). Each word, clause and sentence of the statute, if possible, must be given reasonable meaning and not rendered superfluous. 
A.P. Properties, Inc. v. Goshinsky
, 186 Ill. 2d 524, 532 (1999). Accordingly, in determining the intent of the legislature, the court may properly consider not only the language of the statute, but also the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved. 
People v. Pullen
, 192 Ill. 2d 36, 42 (2000). In construing a statute, we also presume that the General Assembly, in its enactment of legislation, did not intend absurdity, inconvenience or injustice. 
Michigan Avenue National Bank
, 191 Ill. 2d at 504. “Statutes must be construed in the most beneficial way which their language will permit so as to prevent hardship or injustice, and to oppose prejudice to public interests.” 
Mulligan v. Joliet Regional Port District
, 123 Ill. 2d 303, 313 (1988).

A fundamental rule of statutory construction is that where there exists a general statutory provision and a specific statutory provision, either in the same or in another act, both relating to the same subject, the specific provision controls and should be applied.
 Knolls Condominium Ass’n v. Harms
, 202 Ill. 2d 450, 459 (2002). It is apparent that section 25(e) is a general provision that applies to all proceedings under the Act when a committed individual “is required to submit to an examination.” See, 
contra
, 
In re Ottinger
, 333 Ill. App. 3d 114, 118 (2002) (section 25(e) pertains to proceedings on the petition under section 15 of the Act, not to proceedings under sections 55, 60, and 65). Section 55(a), by its plain language, specifically applies to 
periodic
 reexamination proceedings mandated by the Act and, thus serves as a gateway to petitions for discharge under section 65. Here, section 55(a) more specifically addresses the appointment of an independent examiner in periodic reexamination proceedings and, therefore, controls over the more general provision of section 25(e).
(footnote: 1) Accordingly, we hold that the circuit court was not required to appoint an independent evaluator; rather, it was a matter of discretion under section 55(a). The question thus becomes whether the trial court abused its discretion.

Respondent argues that the trial court’s decision violates equal protection by applying the law in a way that respondent, as an indigent person, was denied the use of an independent examiner in a situation where a nonindigent respondent would not have been denied. The Constitution, however, does not require states to provide identical rights, but merely protects against invidious discrimination among classes of individuals. See 
Ross v. Moffitt
, 417 U.S. 600, 612, 41 L. Ed. 2d 341, 352, 94 S. Ct. 2437, 2444 (1974). In 
Moffitt
, the United States Supreme Court stated:

“[T]he fact that a particular service might be of benefit to an indigent defendant does not mean that the service is constitutionally required. The duty of the State under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State’s appellate process.” 
Moffitt
, 417 U.S. at 616, 41 L. Ed. 2d at 354, 94 S. Ct. at 2447.

When analyzing legislation under equal protection, the level of scrutiny applied depends on the type of legislative classification at issue. Classifications based on race or national origin or affecting fundamental rights are strictly scrutinized (
McLean v. Department of Revenue
, 184 Ill. 2d 341, 354 (1998). Intermediate scrutiny applies to discriminatory classifications based on sex or illegitimacy. 
In re Detention of Samuelson
, 189 Ill. 2d 548, 561-62 (2000). In all other cases, the court employs the highly deferential “rational basis” test. 
Committee for Educational Rights v. Edgar
, 174 Ill. 2d 1, 33 (1996). As the statutory provisions assailed by defendant are not based on race, national origin, sex or illegitimacy, nor do they implicate fundamental rights, the case at hand falls into this latter category. See 
Samuelson
, 189 Ill. 2d at 562. Under the rational basis test, the court inquires whether the method or means employed in the statute to achieve the stated goal or purpose of the legislation is rationally related to that goal. 
Samuelson
, 189 Ill. 2d at 562. If any set of facts can reasonably be conceived to justify the classification, it must be upheld. 
In re A.A.
, 181 Ill. 2d 32, 38 (1998). Whether a rational basis exists for a classification is a question of law, subject to 
de novo
 review. 
A.A.
, 181 Ill. 2d at 38.

A defendant may be entitled to funds to hire an expert witness where expert testimony is deemed “crucial” to a proper defense. 
People v. Keene
,169 Ill. 2d 1, 7-8 (1995). This is established when the defendant shows that the expert services are “crucial” to “build a defense” and the defendant’s financial inability to obtain his own expert will prejudice his case. 
People v. Lawson
, 163 Ill. 2d 187, 220-22 (1994); 
Keene
, 169 Ill. 2d at 8.

In the case at hand, nothing in the record demonstrates that respondent’s case was prejudiced or that the court would have found differently had an independent examiner been provided. At the hearing, the judge reviewed the State’s tendered reevaluation report. The court then invited “[a]ny comments with reference to the report.” Counsel for respondent offered no comments, objections, or questions. The only position taken by respondent was to request an independent evaluator to “rebut the findings [in the tendered report].” Respondent’s counsel provided the court with no reason or suggestion as a possible basis to rebut the report. It is rational not to appoint an independent evaluator when a respondent has shown no need for one, especially during perfunctory reexamination proceedings where the respondent has not affirmatively opted to petition for discharge. 
Samuelson
, 189 Ill. 2d at 562;
 A.A.
, 181 Ill. 2d at 38. Without more, the court did not abuse its discretion by denying respondent’s request for an independent evaluation. Accordingly, we agree with the State that respondent was not denied equal protection by the failure of the court to appoint an independent evaluator. See 
People v. Sanchez
, 169 Ill. 2d 472, 501 (1996) (no equal protection violation regarding a court’s failure to appoint an expert witness for an indigent respondent).

B. Prohibition of Respondent from Attending Probable Cause Hearing

The State also claims that the appellate court erred in concluding that the provision of section 65(b)(1), not allowing a respondent to attend the probable cause hearing at the time of a periodic reexamination, violates due process. The State maintains that, since respondent is entitled to have an attorney represent him at this very limited probable cause hearing, no constitutional infirmity exists. According to respondent, his representation by an attorney at the probable cause hearing was insufficient and due process mandates that he be allowed to attend the hearing himself. In assessing these arguments, we must be ever mindful of the well- established principles that: (1) all statutes carry a strong presumption of constitutionality (
People v. Maness
, 191 Ill. 2d 478, 483 (2000)); and (2) the party challenging a statute bears the burden of clearly establishing the constitutional infirmity (
People v. Jeffries
, 164 Ill. 2d 104, 111 (1995)).

Under section 65(b)(1), respondent had three options following his periodic reexamination. First, he could have waived his right to a hearing, essentially assenting to further commitment. 725 ILCS 207/65(b)(1) (West 2000). Second, he could have petitioned for release and would have received a full probable cause hearing. 725 ILCS 207/65(b)(1) (West 2000). Finally, respondent could have done nothing. 725 ILCS 207/65(b)(1) (West 2000). Respondent chose the third option. When a respondent does not file a petition for discharge, yet fails to waive the right to petition under section 65(b)(1), then the probable cause hearing consists only of a review of the reexamination reports and arguments on behalf of the parties and the respondent’s attendance is prohibited. 725 ILCS 207/65(b)(1) (West 2000).

There are three factors used in determining what procedures are required by the fourteenth amendment due process clause in specific types of proceedings that implicate fundamental liberty interests: (1) the private interest implicated by the official action; (2) the risk of an erroneous deprivation of that interest through the procedures used and the probable value of the proposed additional or substitute safeguards; and (3) the government’s interest, including the function involved and the administrative or fiscal burdens that would result from the proposed additional or substitute safeguards. 
Mathews v. Eldridge
, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903 (1976). These same factors are also used in determining what procedures are required by the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2. See 
People v. Gerke
, 123 Ill. 2d 85, 90 (1988).

Regarding the first factor, the private interest at stake here is respondent’s liberty interest. A committed person under the Act is confined in a “secure facility” (725 ILCS 207/40(b)(2) (West 2000)) and cannot obtain a discharge without a favorable hearing in the committing court. Therefore, the first factor weighs in favor of respondent’s position.

Turning to the second factor, however, in light of the procedural safeguards existing in the statute, the risk of an erroneous deprivation is slight. Sections 55 and 65(b)(1) adequately protect a person’s liberty interest by explicitly providing for annual reexaminations, the right to have an attorney represent the committed at the probable cause hearing, and the right to petition for discharge at any time. 725 ILCS 207/55, 65 (West 2000). The right to petition for discharge is fettered only in cases where a respondent has previously filed a frivolous petition. See 725 ILCS 207/70 (West 2000). When a frivolous petition has been filed, the court may dismiss subsequent petitions without a hearing. 725 ILCS 207/70 (West 2000). Despite a prior frivolous petition, however, if a subsequent petition contains facts potentially showing a change in condition, a hearing still may be ordered, thus protecting the respondent’s liberty interest. 725 ILCS 207/70 (West 2000).

Moreover, respondent’s presence at the probable cause hearing would have added nothing substantive (
Mathews
, 424 U.S. at 335, 47 L. Ed. 2d at 33, 96 S. Ct. at 903) to the proceedings, particularly where neither the appellate court nor the respondent has illustrated how respondent’s presence at the hearing would have affected the trial court’s decision. Respondent, who was represented by counsel at the probable cause hearing, was aware of the contents of the report and had sufficient opportunity to consult with his counsel about the report prior to the hearing. Respondent does not mention any specific arguments that he was unable to rebut due to his absence. Furthermore, pursuant to the Act, respondent would have had no opportunity to testify or examine witnesses at the hearing.

As for the third factor, we note that the parties’ agree that requiring respondent’s attendance at a limited probable cause hearing would impose both an additional administrative burden and an additional monetary burden upon the State. We view those burdens as relatively slight, however, and, thus, assign this factor little weight in our analysis. Considering the factors in total, the risk of erroneously depriving respondent of his liberty interest in this case does not sufficiently outweigh the protective value of the procedural safeguards present in the statutory scheme to overcome section 65(b)(1)’s presumption of constitutionality (see 
Maness
, 191 Ill. 2d at 483). See 
Mathews
, 424 U.S. at 355, 47 L. Ed. 2d at 33, 96 S. Ct. at 903; 
Gerke
, 123 Ill. 2d at 90.

In an analogous case, the Wisconsin appellate court held that “the stringent procedural safeguards of the initial commitment process obviate the need for strict standards on recommitment and the [statutory procedures] are constitutionally sufficient.” 
In re Paulick
, 213 Wis. 2d 432, 438, 570 N.W.2d 626, 629 (App. 1997). The Wisconsin statute, similar to Illinois’, provides that the “probable cause hearing is a paper review of the reexamination report(s) with argument that provides an opportunity for the committing court to weed out frivolous petitions.” 
Paulick
, 213 Wis. 2d at 438-39, 570 N.W.2d at 629; see also 725 ILCS 207/65(b)(1) (West 2000) (if the committed person does not file a petition for discharge and fails to waive the right to petition for discharge, then the probable cause hearing consists only of a review of the reexamination reports and arguments on behalf of the parties). In light of the foregoing, we must agree with the State that respondent has failed to establish that section 65(b)(1)’s prohibition against his attending a limited probable cause hearing for a post-commitment reexamination violated procedural due process.

III. CONCLUSION

For these reasons, we hold that the appointment of an independent examiner in periodic examination proceedings is controlled by section 55(a) of the act and is, therefore left to the discretion of the circuit court. We further hold that respondent was not denied equal protection by operation of section 55(a). Lastly, we hold that section 65(b)(1) of the Act, prohibiting committed persons from attending limited probable cause hearings, does not violate due process. The appellate court judgment is, therefore, reversed and the circuit court decision is affirmed.

Appellate court judgment reversed;

circuit court judgment affirmed.

FOOTNOTES
1:     
1
We make no comment concerning the specific application of section 25(e) to other proceedings under the Act.