2020 IL App (1st) 180268-U

No. 1-18-0268

Order filed June 26, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IN RE COMMITMENT OF RONALD WALKER | ) | Appeal from the |
| | ) | Circuit Court of |
| (PEOPLE OF THE STATE OF ILLINOIS, | ) | Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | No. 03 CR 80001 |
| | ) | |
| v. | ) | Honorable |
| | ) | Peggy Chiampas, |
| RONALD WALKER, | ) | Judge, Presiding. |
| | ) | |
| Respondent-Appellant). | ) | |

JUSTICE HALL delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court's denial of respondent's motion to appoint an independent evaluator was not an abuse of discretion.

¶ 2    Respondent Ronald Walker has been involuntarily civilly committed under the Sexually Violent Persons Commitment Act (SVP Act) (725 ILCS 207/1 *et seq. (*West 2016)) since 2009, when a jury found that he was a sexually violent person under the SVP Act.  We affirmed

respondent's commitment on appeal. *In re Commitment of Walker*, 2012 IL App (1st) 110343-U. After respondent received periodic reexaminations pursuant to section 55 of the SVP Act (725 ILCS 207/55 (West 2014)) in 2014 and 2015, on the State's motions the trial court found no probable cause that respondent's condition had so changed that he was no longer a sexually violent person under the SVP Act. This court affirmed the trial court's determination on appeal. *In re Commitment of Walker*, 2017 IL App (1st) 160330-U.

¶ 3 In 2016 and 2017, the State again moved to continue respondent's commitment under section 65(b)(1) of the SVP Act (725 ILCS 207/65(b)(1) (West 2016)). In response to the State's 2016 motion, respondent filed a motion to appoint Dr. Brian Abbott as an expert on his behalf to present evidence that he was no longer a sexually violent person. On December 6, 2017, the trial court denied respondent's motion and found that respondent had not met his burden of proving probable cause. The State's motions were granted, and respondent's commitment was continued. Respondent has appealed, contending that the trial court erred in denying his motion to appoint Dr. Abbott as his expert. For the reasons that follow, we affirm.

¶ 4                                    BACKGROUND

¶ 5 We previously considered the propriety of respondent's commitment under the SVP Act in *In re Commitment of Walker*, 2012 IL App (1st) 110343-U, and to the extent that the facts are relevant to the instant appeal, we provide them herein.

¶ 6 Since respondent's commitment in 2009, respondent has received annual evaluations as required under the Act. In November 2016, the State filed a motion for finding of no probable cause based on respondent's 2015 annual re-examination conducted by Dr. Deborah Nicolai. Dr. Nicolai diagnosed respondent with the following mental disorders: "Other Specified Paraphilic

Disorder, Sexually Attracted to Non-Consenting Females, in a Controlled Environment"; "Other Specified Paraphilic Disorder, with Mixed Narcissistic and Anti-Social Features"; "Alcohol Use Disorder, in Sustained Remission, in a Controlled Environment (provisional)"; and "Cannabis Use Disorder, in Sustained Remission, in a Controlled environment (provisional)." Dr. Nicolai utilized two actuarial instruments in her evaluation, the Static-99R and the Static-2002R. On the Static-99R, Dr. Nicolai found respondent to be in the "low-moderate" risk range and on the Static-2002R, she found respondent to be in the "moderate" risk range. Dr. Nicolai also considered additional risk factors that were not addressed by the actuarial instruments. As a result of these disorders, Dr. Nicolai opined that respondent was substantially probable to engage in acts of sexual violence.

¶ 7     On January 26, 2017, respondent filed a motion to appoint Dr. Abbott as respondent's expert. In his motion, respondent stated that he was indigent, that it had been four years since respondent had the benefit of an evaluator appointed on his behalf and the appointment was necessary because Dr. Nicolai's report was defective in that it: (1) failed to consider recent developments in the field of risk assessment; (2) failed to consider the impact on respondent of the unlicensed treatment and evaluations that were conducted by "DHS" (Department of Human Services) staff at the "TDF" (treatment and detention facility); (3) failed to assess respondent's current health condition; and (4) diagnosed respondent with a disorder that was not generally accepted.

¶ 8     On April 20, 2017, the State filed an objection to respondent's motion, urging the trial court to deny respondent's motion because respondent had not engaged in any treatment since October 2014. On September 25, 2017, while the State's 2016 motion and respondent's motion were pending, the State filed a motion for court review of periodic reexamination and requested that

respondent's commitment be continued based on a 2017 evaluation by Dr. Nicolai. In the 2017 evaluation, Dr. Nicolai diagnosed respondent with the same disorders as listed in the 2016 evaluation. Dr. Nicolai opined that due to those disorders, it was substantially probably that respondent would engage in acts of sexual violence. Dr. Nicolai again utilized the Static-99R and the Static-2002R to establish respondent's risk of reoffending. He was found to be an average risk on the Static-99R and an above-average risk on the Static-2002R.

¶ 9    A hearing was held on the three pending motions on December 6, 2017. Regarding respondent's motion to appoint, the trial court found that respondent did not file a petition for discharge and did not affirmatively waive his right to petition for discharge at that point, and further that respondent failed to demonstrate that an independent examiner was crucial to his defense. The court noted that while respondent was currently in ancillary treatment, he was not in sex offender treatment and had not had such treatment since October 2014. Relying on *People v. Bodruff*, 212 Ill. 2d 166 (2004), the trial court found that it was not rational to appoint such evaluator when respondent had shown no need for one, especially during reexamination proceedings where respondent had not petitioned for discharge or conditional release. The trial court then denied respondent's motion to appoint Dr. Abbott. The court further found that there was no probable cause to believe that respondent was no longer a sexually violent person and granted the State's 2016 and 2017 motions. This appeal followed.

¶ 10                                    ANALYSIS

¶ 11    Respondent contends that the trial court erred in denying his motion to appoint Dr. Abbott and requests that this court reverse the trial court's ruling and remand with directions to appoint an independent evaluator to evaluate him. Respondent maintains that the appropriate standard of

review is *de novo* because the trial court "exceeded the bounds of the law" in denying his motion. Respondent further contends that the trial court misapplied the holding in *Bodruff* in determining that he was required to petition for discharge before having an independent evaluator appointed, and erroneously relied on his lack of sex offender treatment since October 2014. We disagree.

¶ 12    The SVP Act mandates the procedures for the State to petition to commit a person who previously has been convicted of a sexually violent offense. 725 ILCS 207/15 (West 2016). After trial and initial commitment as an SVP, section 55 of the SVP Act requires periodic reexaminations to determine whether the respondent has made sufficient progress to be conditionally released or discharged. *In re Detention of Hayes*, 2015 IL App (1st) 142424, ¶ 17. This ensures that a respondent remains confined only so long as he or she continues to satisfy the SVP commitment criteria.

¶ 13    At the time of reexamination, under section 65(b)(1) of the SVP Act, the respondent receives written notice of the right to petition for discharge. 725 ILCS 207/65(b)(1) (West 2016). Under that same section of the SVP Act, the respondent has three options following periodic reexamination:  1) petition for discharge and receive a full probable cause hearing; 2) waive the right to a hearing, essentially assenting to further commitment; or 3) do nothing. 725 ILCS 207/65(b)(1) (West 2016). If the respondent does nothing, the court must hold a probable cause hearing consisting only of a review of the reexamination reports and arguments of the parties so as to determine whether facts exist that warrant a hearing on respondent's current status as a sexually violent person. *Detention of Hayes*, 2015 IL App (1st) 142424, ¶ 17.

¶ 14    At the time of reexamination, a respondent may retain, or if indigent and so requests, the court may appoint a qualified expert or a professional person to examine him or her. 725 ILCS

207/55(a) (West 2016). Under this section, the trial court has discretion to grant or deny an indigent sexually violent person's request for an expert. *Bodruff*, 212 Ill. 2d at 176. A court does not abuse its discretion by denying the appointment of an independent evaluator when nothing in the record demonstrates that the court would have found differently had an independent evaluator been provided. *Id*. at 177. Our supreme court held that "it is rational not to appoint an independent evaluator when a respondent has shown no need for one, especially during perfunctory reexamination proceedings where the respondent has not affirmatively opted to petition for discharge." *Id*. at 177-78. Where there has been no change in respondent's condition, and the respondent is resistant to sex offender treatment, appointing an expert would be of no assistance to the court. *In re Detention of Cain*, 341 Ill. App. 3d 480, 483 (2003). To be entitled to an independent evaluator, the respondent must show that "expert services are 'crucial' to 'build a defense' and the [respondent's] financial inability to obtain his own expert will prejudice his case." *Bodruff*, 212 Ill. 2d at 177 (quoting *People v. Lawson*, 163 Ill. 2d 187, 220-22 (1994), *People v. Keene*, 169 Ill. 2d 1, 8 (1995)).

¶ 15    In this case, as in *Bodruff*, the proceedings were a routine reexamination and respondent did not file a petition for discharge. While respondent alleged in his motion that the appointment of Dr. Abbott was "necessary" to his defense of the State's motion and indicated why he believed Dr. Nicolai's evaluation was faulty, he failed to explain how Dr. Abbott's appointment was crucial to his defense. *In re Commitment of Kirst*, 2015 IL App (2d) 140532, ¶ 37. Respondent provided no basis to rebut Dr. Nicolai's opinion that he remains a sexually violent person. Additionally, because of respondent's failure to participate in sex offender treatment since 2014, nothing an independent expert may have said would have been helpful to the court or changed its opinion.

*Cain*, 341 Ill. App. 3d at 483. We find that respondent has failed to make a sufficient showing that he was prejudiced by the denial of his motion for an independent evaluator. See *Commitment of Kirst¸* 2015 IL App (2d) 140532, ¶ 41.

¶ 16    Because respondent failed to show how an independent expert was necessary to determine if he remained a sexually violent person, the trial court did not abuse its discretion in denying his motion.

¶ 17                                    CONCLUSION

¶ 18    For the foregoing reason, the judgment of the circuit court of Cook County is affirmed.

¶ 19    Affirmed.