NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 220686-U

NO. 4-22-0686

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 13, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* COMMITMENT OF KEVIN W. STANBRIDGE, a Sexually Violent Person | ) ) ) | Appeal from the Circuit Court of Adams County |
| (The People of the State of Illinois, | ) | No. 05MR45 |
| Petitioner-Appellee, | ) | |
| v. | ) | Honorable |
| Kevin W. Stanbridge, | ) | John C. Wooleyhan, |
| Respondent-Appellant). | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Turner and Justice Harris concurred in the judgment.

**ORDER**

¶ 1     *Held:*   The appellate court affirmed the trial court's denial of respondent's petition for discharge under the Sexually Violent Persons Commitment Act.

¶ 2           In May 2005, the State filed a petition to commit respondent, Kevin W. Stanbridge, to the Illinois Department of Human Services pursuant to the Sexually Violent Persons Commitment Act (Act). 725 ILCS 207/15 (West 2004). In October 2007, a jury found respondent to be a sexually violent person (SVP). *Id.* § 5(f). Respondent appealed, and in November 2008, this court affirmed the trial court's judgment. *In re Detention of Kevin W. Stanbridge*, No. 4-08-0163 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 3           In September 2017, respondent, while represented by counsel, *pro se* filed a petition for discharge pursuant to section 65 of the Act (725 ILCS 207/65 (West 2016)). Subsequently, the trial court granted respondent's request, through counsel, for an independent

examiner, but the court struck the *pro se* petition as improperly filed.

¶ 4     In March 2021, the trial court allowed respondent to proceed *pro se*, and in June 2021, the court reinstated respondent's September 2017 petition for discharge. Following several continuances and status hearings regarding respondent's receiving an independent evaluation, the court conducted a hearing on the petition for discharge in July 2022. The court denied respondent's petition, finding that no probable cause existed to believe that respondent was no longer an SVP.

¶ 5     Respondent appeals, arguing that the trial court erred by (1) denying him his preferred independent evaluator and (2) finding no probable cause to believe that respondent was no longer an SVP. We disagree and affirm.

¶ 6                                    I. BACKGROUND

¶ 7              A. Respondent's Detention and Subsequent Procedural History

¶ 8     In November 1999, the State charged respondent with aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 1998)). Following a jury trial, respondent was convicted and later sentenced to seven years in prison. In May 2004, this court reversed respondent's conviction and remanded the case for a new trial. *People v. Stanbridge*, 348 Ill. App. 3d 351, 810 N.E.2d 88 (2004). Following an April 2005 retrial, a jury convicted respondent of aggravated criminal sexual abuse. Respondent appealed, and this court affirmed that conviction. *People v. Stanbridge*, No. 4-05-0585 (2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9     In May 2005, the State petitioned the trial court to detain respondent pursuant to the Act. Following an October 2007 trial on the State's petition, a jury adjudicated respondent an SVP as defined by section 5(f) of the Act (725 ILCS 207/5(f) (West 2004)). In February 2008, the trial court ordered respondent committed to a secure facility for institutional care until "such

time as [r]espondent is no longer a sexually violent person."

¶ 10    In November 2008, this court affirmed the trial court's judgment on direct appeal, concluding that "the State overwhelmingly demonstrated that respondent was a sexually violent person beyond a reasonable doubt." *In re Detention of Stanbridge*, No. 4-08-0163 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 11    Subsequently, respondent was periodically reevaluated, requested independent examinations, and filed petitions for discharge. See *In re Commitment of Stanbridge*, 2017 IL App (4th) 160387-U, ¶¶ 8-31. Each of respondent's petitions for discharge was denied by the trial court and affirmed on appeal. See *In re Detention of Stanbridge*, 2012 IL 112337, ¶ 76, 980 N.E.2d 598 (affirming the trial court's finding of no probable cause because respondent had not presented evidence of sufficient progress or other relevant changed circumstances); *In re Commitment of Stanbridge*, 2014 IL App (4th) 130703-U, ¶¶ 51-52 (affirming the trial court's dismissal of the petition for discharge based on respondent's 54-month reexamination); *In re Commitment of Stanbridge*, 2014 IL App (4th) 131063-U, ¶ 38 (affirming the trial court's finding of no probable cause based on respondent's 66-month reexamination); *In re Commitment of Stanbridge*, 2017 IL App (4th) 160387-U, ¶ 46 (affirming the trial court's denial of respondent's motion for independent evaluation and finding of no probable cause based on respondent's 78-month and 90-month reexaminations).

¶ 12    B. The Petition for Discharge at Issue in This Appeal

¶ 13    In September 2017, respondent, while represented by counsel, *pro se* filed a petition for discharge pursuant to section 65 of the Act (725 ILCS 207/65 (West 2016)). In June 2018, the State filed a motion for a finding of no probable cause. That same month, respondent, through counsel, sought the appointment of an independent evaluator and, without objection by

the State, the trial court granted respondent's request. For reasons not clear from the record, counsel had difficulty contacting the initial evaluator and requested the appointment of a new one.

¶ 14　　　　　In February 2020, by agreement of the parties, the trial court appointed Dr. Diane Lytton as an independent evaluator.

¶ 15　　　　　In October 2020, respondent filed a motion requesting the trial court terminate his counsel's representation and allow him to proceed *pro se*.

¶ 16　　　　　In March 2021, the trial court conducted a hearing on respondent's motion to proceed *pro se*. The court granted respondent's motion and permitted counsel to withdraw. Respondent's counsel said she would get all of the discovery materials to Lytton. Because respondent was confined and no longer had an attorney, the State offered logistical assistance in facilitating the examination by Lytton, and respondent accepted the assistance.

¶ 17　　　　　In May 2021, at a status hearing, the State advised the trial court that an interview had not been scheduled due to a COVID-19 issue. Additionally, although the State had given Lytton 80% to 90% of the information, she still needed some records. The State again informed the court that it would facilitate scheduling an interview.

¶ 18　　　　　In July 2021, the parties informed the trial court that Lytton had conducted a six-and-a-half-hour interview with respondent, but a technical issue was preventing Lytton from opening a relevant document that she needed to review. The State said that once Lytton was able to review that record, she would be scheduling a follow-up interview.

¶ 19　　　　　The record and docket show that the trial court conducted hearings in September, October, and December 2021. However, no transcripts from those hearings are included in the record on appeal.

¶ 20　　　　On December 7, 2021, the State filed a 26-page report of a psychological evaluation of respondent (pursuant to the Act) conducted by Edward Smith, Psy.D., on November 29, 2021. Smith's report stated that it was an "annual re-examination" mandated by the Act and its purpose was to answer whether (1) respondent had "made sufficient progress in treatment to be conditionally released" and (2) respondent's "condition changed since the most recent periodic re-examination such that he is no longer a sexually violent person [within the meaning of the Act]." Smith opined that respondent's condition had not changed since his most recent re-evaluation, noting that respondent "continue[d] to decline participation in sex offender specific treatment" such that he "ha[d] not progressed in treatment to the point where he [could] be safely managed in the community on Conditional Release."

¶ 21　　　　The trial court subsequently conducted hearings in February and March 2022, but, again, no transcripts of those hearings are included in the record on appeal.

¶ 22　　　　In April 2022, the trial court ordered the State to "forward expert names and contact information to [the] court." In May 2022, the court entered an order stating that the State "has furnished a list of providers for the Respondent to contact for purposes of locating an expert witness to perform a[n] evaluation of the Respondent."

¶ 23　　　　In July 2022, the trial court conducted a hearing on respondent's petition for discharge. No transcript of the hearing is included in the record on appeal. However, the court entered a written order, which stated the following:

　　　　　　"1. The Respondent is appearing *pro se* at his request, having previously waived his right to counsel herein.

　　　　　　2. On 9/27/17, respondent filed a *pro se* pleading herein entitled Motion/Demand for discharge; that since said date, Respondent has never been

successful in obtaining the services of an independent evaluator.

3. On 12/7/21, the report of the most recent re-evaluation examination of the Respondent by Dr. Edward Smith was filed herein.

4. Pursuant to 725 ILCS 207/65(b)(1), and after reviewing the pending Motion for discharge and the re-evaluation report described above, the Court finds that the Respondent is still a sexually violent person; and that there is no probable cause to believe that the Respondent is no longer a sexually violent person.

5. Pursuant to the above findings, the pending Motion for discharge is denied; and that the Respondent is continued at Department of Human Services for care, control, and treatment as previously ordered by this Court."

¶ 24    This appeal followed.

¶ 25                    II. ANALYSIS

¶ 26    Respondent appeals, arguing that the trial court erred by (1) denying him his preferred independent evaluator and (2) finding no probable cause to believe that respondent was no longer an SVP. However, respondent's arguments fail because, as the State points out, the record does not contain a transcript of the discharge hearing or any acceptable alternative to a transcript.

¶ 27    In his brief, respondent argues that the trial court refused to appoint an independent evaluator proposed by him because the evaluator was too expensive. Respondent further argues the court required him to put together a list of other experts and to contact those experts himself. Respondent then asserts that the court erred by finding that he failed to obtain an independent evaluator because he, as a *pro se* civil committee, did not have the ability or authority to negotiate hiring an expert.

¶ 28 Respondent acknowledges that he did not include in the record on appeal any transcripts from hearings conducted after July 2021, but he insists that he is not at fault. Respondent contends that, in his notice of appeal, he explicitly requested the trial court to "[d]irect the Court Reporting Personnel to prepare any and all transcripts of the proceedings appealed, with copies to be provided to the Appellant as well as the Appellate Court Clerk." Respondent asserts that he is unaware of any other way to obtain transcripts and this court should be lenient in light of the fact that respondent is *pro se*. We disagree.

¶ 29 The burdens for providing a record and the manner in which this court must review an incomplete record are well settled.

> "It is well established that an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error. [Citation.] Thus, in the absence of such records, it is presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. [Citation.] Any doubts regarding the incompleteness of the record are, as always, resolved against the appellant." (Internal quotation marks omitted.) *In re Commitment of Montilla*, 2022 IL App (1st) 200913, ¶ 93, 215 N.E.3d 230 (quoting *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984)).

¶ 30 Further, although we recognize respondent made a request for the preparation of transcripts in his notice of appeal, respondent is not excused from ensuring those transcripts are prepared or providing an alternative, such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323 (eff. July 1, 2017). "Rule 323, like the other supreme court rules governing appeals, is not a mere suggestion. [Citation.] Rather, the rule has the force and effect of law and is binding on litigants as well as the courts." *In re Marriage of Thomsen*, 371 Ill. App. 3d 236,

241, 872 N.E.2d 1, 6 (2007). "While *pro se* litigants are held to a lesser standard in complying with the rules for appealing to the appellate court, an appellant is required to meet a minimum threshold in providing the court with an adequate record to review the issues raised on appeal." *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 29, 172 N.E.3d 247.

¶ 31        Because respondent has failed to furnish a proper record of the proceedings pertaining to retaining an independent evaluator or the discharge hearing, we are unable to conclude that the trial court erred by denying respondent's petition for discharge without an independent evaluation.

¶ 32        Regardless, because respondent's arguments are meritless and easily disposed of, we briefly address each in turn.

¶ 33                    A. Respondent Was Not Prejudiced by the Trial Court's Denial of
                                     an Independent Evaluator

¶ 34        Even putting aside the absence of a complete record on appeal, the record that is available clearly demonstrates that respondent was not prejudiced by the trial court's denial of an independent evaluator.

¶ 35        The First District explained the law governing when an independent evaluator is required in *In re Commitment of Butler*, 2022 IL App (1st) 201107, ¶ 32, 212 N.E.3d 143, in which it wrote the following:

> "While the Act allows for the appointment of an expert for an indigent
> individual, it does not require a court to take such action. *In re Commitment of
> Kirst*, 2015 IL App (2d) 140532, ¶ 33, 40 N.E.3d 1215. 'A respondent may be
> entitled to funds to hire an expert witness where expert testimony is deemed
> "crucial" to a proper defense.' *Id.* (citing *People v. Botruff*, 212 Ill. 2d 166, 177,
> 817 N.E.2d 463, 469 (2004)). 'This is established where the respondent

demonstrates that his case will be prejudiced if his request is denied.' *Id*. The decision whether to appoint an independent examiner *** rests within the sound discretion of the trial court."

¶ 36 In this case, Smith's December 2021 reexamination report demonstrates that respondent was not prejudiced by not having an independent evaluation. Smith identified, as he has in the past, respondent's (1) mental disorders, (2) scores on actuarial assessments, and (3) dynamic risk factors, which, taken together, supported his conclusion that respondent remained an SVP. In particular, Smith noted that in his latest interview, respondent continued to refuse to engage in sex offender treatment and deny he committed prior offenses.

¶ 37 In respondent's brief to this court, he makes lengthy arguments that sex offender treatment is ineffective and, in fact, increases the likelihood of reoffending. Given this context— respondent's (1) never having engaged in sex offender treatment, (2) continuing refusal to participate in such treatment, and (3) arguing to the trial court and this court that some scientific studies purportedly show that sex offender treatment increases recidivism—we conclude that respondent's case could not have been prejudiced by denying him an independent evaluation prior to ruling on his petition for discharge. See *Stanbridge*, 2017 IL App (4th) 160387-U, ¶ 46 (affirming the trial court's denial of respondent's motion for an independent examination for substantially similar, if not identical, reasons).

¶ 38 B. The Trial Court Did Not Err by Finding No Probable Cause

¶ 39 Alternatively, respondent argues that the trial court erred by finding no probable cause to believe that respondent is no longer an SVP.

"At a probable cause hearing for conditional release, the respondent must present plausible evidence that it is not substantially probable that he will engage

in acts of sexual violence if he is on conditional release. [Citation.] This plausible evidence can be (1) a change in the respondent himself, (2) a change in professional knowledge or the methods used to evaluate a person's mental disorder or risk of reoffending, or (3) a change in the applicable legal definitions." *In re Commitment of Canada*, 2018 IL App (4th) 170511, ¶ 33, 107 N.E.3d 898 (citing *In re Detention of Stanbridge*, 2012 IL 112337, ¶¶ 54, 72, 980 N.E.2d 598).

"Without some evidence of sufficient progress or other relevant changed circumstances, the [expert's] opinion was insufficient to establish probable cause." *Stanbridge*, 2012 IL 112337, ¶ 76.

¶ 40    Our earlier analysis regarding why respondent was not prejudiced by the trial court's denial of his request for an independent examiner applies equally to the court's finding of no probable cause. Respondent admitted to Smith and this court that he has not (1) engaged in any new forms of treatment or (2) changed his attitudes toward treatment or his prior offenses since the last time this court affirmed reviewed respondent's SVP status. See *Stanbridge*, 2017 IL App (4th) 160387-U, ¶ 46. Accordingly, we conclude the trial court's finding of no probable cause was correct, and we affirm the court's judgment.

¶ 41                          III. CONCLUSION

¶ 42    For the reasons stated, we affirm the trial court's judgment.

¶ 43    Affirmed.