**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 250473-U

Order filed December 23, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-25-0473 |
| v. | ) | Circuit No. 24-CF-252 |
| | ) | |
| ANTON STEPHENS JR., | ) | Honorable |
| | ) | Brian F. Telander, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRENNAN delivered the judgment of the court.
Justices Davenport and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order denying defendant's motion for pretrial release. Affirmed.

¶ 2    Defendant, Anton Stephens Jr., appeals the Du Page County circuit court's denial of his motion for release from pretrial detention. Defendant asserts that he was not brought to trial within 90 days of having been denied pretrial release, as required by section 110-6.1(i) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(i) (West 2024)). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On January 31, 2024, the State charged defendant with two counts of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2024)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), and aggravated fleeing and eluding a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2024)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a detainable offense and his release posed a real and present threat to the safety of any person, persons, or the community that could not be mitigated under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2024). Following a hearing that also occurred on January 31, 2024, the court granted the petition and detained defendant, which this court affirmed on appeal. *People v. Stephens*, No. 3-24-0301 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)). The court set the next court date for February 26, 2024, where defendant was then arraigned.

¶ 5        A series of agreed continuances occurred between February 26, 2024, and June 20, 2024. On June 20, 2024, the State indicated it had tendered additional discovery to the defense that morning and other discovery remained outstanding but would be tendered shortly. Counsel requested to continue the matter until August 5, 2024. Defendant stated he was demanding a speedy trial. Counsel informed the court that she was not demanding a trial for strategic reasons at that time. The court continued the matter to August 5, 2024, noting the continuance was by agreement.

¶ 6        On June 27, 2024, counsel placed the matter on the court's call indicating defendant wished to proceed *pro se*. The court set the matter over to July 9, 2024, on defendant's motion to proceed *pro se,* noting that the continuance was on the court's motion. On July 9, the court granted

2

defendant's request to discharge counsel and proceed *pro se.* The case was then continued on various dates by agreement or on defendant's motion through October 15, 2024.

¶ 7        On October 15, 2024, defendant tendered a written jury waiver, and the court denied defendant's outstanding motions. Defendant demanded a speedy trial. The court set a status hearing for October 16, 2024, and scheduled the trial for November 12, 2024. The case was continued through October 22, 2024, with the term running. On October 22, 2024, the court continued the matter. The initial October 22, 2024, order continued the case to October 29, 2024, for motions *in limine* and provided it was an agreed order; speedy trial was tolled; and video evidence was tendered to the jail, but defendant had yet to review it. An amended order entered that same day contained the same substantive provisions but omitted the tolling language.

¶ 8        On October 29, 2024, the matter was continued on the State's motion to November 6, 2024, for argument and ruling on the motions *in limine*. On November 1, 2024, the State filed an additional motion *in limine*, and the court continued the case to November 6, 2024, for defendant to decide if he wanted counsel reappointed. On November 6, 2024, at defendant's request, the court reappointed counsel, struck the trial date and continued the case for defense counsel to review discovery. Thereafter, the court entertained numerous motions and the case was continued on various dates by agreement.

¶ 9        On July 22, 2025, the court granted the State's motions *in limine*, and defendant demanded a speedy trial. The next day, the court held a hearing regarding the 120-day speedy trial term. See 725 ILCS 5/103-5 (West 2024). The court scheduled a trial date and its order provided that speedy trial was tolled from the date defendant requested to continue the November 12, 2024, trial date through November 18, 2025, the next scheduled trial date.

¶ 10        On August 11, 2025, defendant filed a motion for pretrial release pursuant to section 110-6.1(i), arguing he was entitled to pretrial release as 90 days not chargeable to him had passed since his detention on January 31, 2024, specifying the following dates:

(1) February 1 to 26, 2024 (26 days);

(2) June 20 to 27, 2024 (8 days);

(3) June 27 to July 9, 2024 (12 days);

(4) October 15 to November 6, 2024 (23 days); and

(5) July 22 to August 11, 2025 (21 days).

¶ 11        On August 21, 2025, the court held a hearing on defendant's section 110-6.1(i) pretrial release motion. The court made several findings, including that its notes indicated speedy trial was tolled from June 20, 2024, through June 27, 2024, and from June 27, 2024, through July 9, 2024. It further found that, when the trial date was struck on November 6, 2024 (when defendant requested reappointment of counsel and counsel needed time to review discovery), the speedy trial term was tolled to the next trial date. Counsel disagreed, arguing that this rule only applied to the 120-day period under the speedy trial act and did not apply to the 90-day period for pretrial release. The court disagreed and denied the motion.

¶ 12        On September 9, 2025, defendant filed a motion for relief making the same claim for the same date ranges. Following a brief hearing on the motion for relief, on September 11, 2024, the court reiterated its earlier findings that the June 20, 2024, continuance was at defendant's request, notwithstanding his objection to his attorney's request for a continuance, and also found that the period following November 6, 2024, through the November 18, 2025, trial date was at defendant's request. The court denied defendant's motion for relief, and this timely appeal followed.

4

¶ 13                                    II. ANALYSIS

¶ 14            On appeal, defendant stands on his motion for relief in lieu of a memorandum (see Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024)) wherein he argued 90 days not chargeable to him had passed since his detention on January 31, 2024, entitling him to pretrial release under section 110-6.1(i) of the Code (725 ILCS 5/110-6.1(i) (West 2024)).

¶ 15            When reviewing a statute, our objective is to ascertain and give effect to the intent of the legislature. *People v. Botruff*, 212 Ill. 2d 166, 174 (2004). This intent is best determined by examining the plain language of the statute. *Id.* "A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *People v. Clark*, 2019 IL 122891, ¶ 20. A court may also consider the reason for the law, the problems the legislature sought to remedy, and the purposes to be achieved. *Id.* We review *de novo* questions of statutory construction. *People v. Muhammad*, 2025 IL 130470, ¶ 35. Pretrial detention decisions reached without an evidentiary hearing are also reviewed *de novo. People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 16            Section 110-6.1(i) of the Code provides, in relevant part, as follows:

                "If the court enters an order for the detention of the defendant pursuant to subsection (e) of this Section, the defendant shall be brought to trial on the offense for which he is detained within 90 days after the date on which the order for detention was entered. *If the defendant is not brought to trial within the 90-day period required by the preceding sentence, he shall not be denied pretrial release.* In computing the 90-day period, *the court shall omit any period of delay resulting from a continuance granted at the request of the defendant* and any period of delay

5

resulting from a continuance granted at the request of the State with good cause shown pursuant to Section 103-5." (Emphases added.) 725 ILCS 5/110-6.1(i) (West 2024).

¶ 17 On appeal, defendant argues the same five date ranges, totaling exactly 90 days, which he contends he did not request: (1) February 1 to 26, 2024 (26 days); (2) June 20 to 27, 2024 (8 days); (3) June 27 to July 9, 2024 (12 days); (4) October 15 to November 6, 2024 (23 days); and (5) July 22 to August 11, 2025 (21 days). On appeal, the State concedes defendant did not request February 1 to 26, 2024, and June 27 to July 9, 2024. The State disputes the June 20 to 27, 2024 date range. Concerning the October 15 to November 6, 2024, date range, the State concedes portions of the range, namely: October 15 to October 22, 2024, and October 29 to November 6, 2024. The State disputes the period from October 22, 2024, to October 29, 2024. The State also disputes the July 22, 2025, to August 11, 2025, date range. In that defendant has argued exactly 90 days in total that he did not request, if even one of those days is determined to have been at his request, he is not entitled to pretrial release pursuant to section 110-6.1(i).

¶ 18 Taking defendant's contested date ranges in chronological order, the date range from June 20 to 27, 2024, is dispositive. On June 20, 2024, the case was in court for status. The State tendered additional discovery and indicated there were some additional discovery matters outstanding. Defense counsel asked for a date and, after some discussion about the availability of the parties, the court offered a choice of early August dates. At this point the defendant interjected, stating, "I would like to demand a speedy trial." Defense counsel ultimately informed the court,

> "I notified [defendant] I am not demanding a jury trial. I do have case law that states that that is the defense counsel's strategic decision. * * * I told [defendant] this. He has mentioned a couple of motions. I have done my due diligence in following up with [the

6

State] regarding outstanding discovery. Judge, I am not demanding a trial today." Shortly after, defendant reiterated, "Well, I don't agree to any more continuances."

¶ 19 The court acknowledged defendant's position and nevertheless continued the case by agreement to August 5, 2024. The case was placed on the call for discharge of counsel on June 27, 2024, at which point the case was continued on the court's motion.

¶ 20 Defendant argues that his statements in open court on June 20, 2024—that he was demanding trial and that he did not agree to any more continuances—demonstrates that he did not agree to a continuance for purposes of section 110-6.1(i). The court found, and the State argues on appeal, that a defense counsel's strategic decision to not demand trial and agree to a continuance trumps the individual wishes of the defendant. We agree with the State.

¶ 21 In interpreting the speedy trial statute, our supreme court has held that, "[i]n criminal proceedings, an attorney is authorized to act for his client and determine for him procedural matters and decisions involving trial strategy and tactics." *People v. Bowman*, 138 Ill. 2d 131, 141 (1990). Accordingly, "the affirmative acts of a defendant's counsel cannot be separated from the defendant's own acts." *Id.* A defense counsel's agreement to continue the case, then, is properly chargeable to the defendant. *People v. Kliner,* 185 Ill. 2d 81, 114 (1998). In this regard, a defendant is bound by the actions of his attorney, unless the defendant clearly and convincingly asserts his right to discharge his attorney. *Id.* at 118; see *People v. Mayo*, 198 Ill. 2d 530, 537 (2002). At no point during the June 20, 2024, court date did defendant in any manner suggest a desire to discharge his counsel. Defendant's motion to discharge counsel was not presented to the court until June 27, 2024.

¶ 22 While the speedy trial statute and section 110-6.1(i) have separate purposes, *i.e.*, statutorily guaranteeing a speedy trial and limiting pretrial custody, respectively, they both provide that a

7

continuance requested by the defendant does not count toward calculating whether the triggering time frame has been met. We can discern no logical reason that the supreme court's speedy trial cases holding defendants to their lawyers' agreed continuances should not also apply in determining whether a defendant requested a continuance for purposes of section 110-6.1(i). Accordingly, the agreed continuance of June 20, 2024, was at the defendant's request for purposes of section 110-6.1(i), and the delay through June 27, 2024, does not count toward the 90-day term.

¶ 23 Subtracting these 8 days from the 90 days defendant asserted in his motion for relief, the defendant has fewer than 90 days in custody not attributable to his request. Accordingly, the trial court did not err in denying defendant's section 110-6.1(i) motion for pretrial release.

¶ 24 III. CONCLUSION

¶ 25 The judgment of the circuit court of Du Page County is affirmed.

¶ 26 Affirmed.